## IN RE THE LIQUORS OF WILLIAM FITZPATRICK.

The certification to the Supreme Court of constitutional questions under Pub. Stat. R. I. cap. 220, §§ 1-9, only presents the question whether an act of the General Assembly is or is not constitutional. Such a question should be presented by direct reference to the acts or provisions whose validity is disputed.

Pub. Laws R. I. cap. 596, § 27, of May 27, 1886, giving a form of information for the seizure and forfeiture of intoxicating liquors, is not violative of the Constitution of Rhode Island because indefinite in description; nor because it vests jurisdiction in the District Courts, which sit without juries, a right of appeal and of jury trial on appeal being reserved; nor because it is unreasonable; nor because it is severe.

Searches and seizures provided for by Pub. Laws R. I. cap. 596, of May 27, 1886, and cap. 634, of May 4, 1887, when conducted in due form, are not unconstitutional.

The first ten amendments to the Constitution of the United States apply to the United States government, and not to the state governments.

CONSTITUTIONAL questions certified to the Supreme Court under Pub. Stat. R. I. cap. 220, §§ 1-9.

*January* 7, 1888. DURFEE, C. J. This is a proceeding under Pab. Laws R. I. cap. 596, of May 27, 1886, and cap. 634, of May 4, 1887, for the seizure and forfeiture of certain intoxicating liquors, and of the vessels containing them. It was begun in the District Court of the tenth judicial district, by complaint and warrant, under which certain liquors claimed by the defendant were seized and brought before said court. The defendant moved the court to quash the proceeding, for the reason that it and the law purporting to authorize it are illegal and unconstitutional. The court overruled the motion, and the cause now comes before us on its certificate of the constitutional questions raised.

The only questions which can be brought before us by such cer-

tificate are questions involving the constitutionality of an act of the General Assembly, and therefore any question in regard to the legality or constitutionality of the proceeding cannot properly be considered here, unless the question is in effect a question in regard to the constitutionality of the act under which the proceeding was instituted or carried on. The better mode of presenting such questions is to present them directly as questions in regard to the acts or parts of acts meant to be impeached, mentioning the acts or parts of acts.

The first ground assigned for quashing the proceeding is because " it does not definitely describe the liquors to be seized and condemned, nor does it definitely give the value of the same, for which reason it does not appear that a District Court has the power to condemn by forfeiture the goods seized. The objection on the face of it is simply an objection to the sufficiency of the complaint, and therefore, unless we go below the face, does not present any proper question for decision on certificate. The complaint, however, follows substantially the form given to be used in proceedings for seizure and forfeiture, in Pub. Laws R. I. cap. 596, § 27, and it is therefore constitutional if the section is constitutional. We will treat the objection as if made to the act.

The first point made is, that the liquors to be seized are not definitely described. The description begins, " a certain quantity of rum, being about and not exceeding one hundred gallons," and goes on to specify whiskey, gin, brandy, ale, wine, strong beer, lager beer, describing them severally in the same manner ; also, " other strong and malt and intoxicating liquors, being about and not exceeding one hundred gallons;" etc., and adds, by way of further description, " contained in barrels, kegs, jugs, jars, bottles, decanters, and other vessels." The Constitution of the State requires that a search-warrant, when issued, shall describe, " as nearly as may be, the place to be searched and the persons or things to be seized." We think the description given in the complaint and warrant in this petition is full enough and definite enough, considering what were the objects of the search, to answer the requirement. In Commonwealth v. Certain Intoxicating Liquors, Putnam claimant, 97 Mass. 63, the liquors to be seized were described as certain quantities of rum, gin, brandy, whis-

key, strong beer, ale, and wine, being "about and not exceeding five hundred gallons" each.   The officer made return that he had searched and seized "the liquors described in the written warrant, to wit: about one hundred and twenty-five gallons of whiskey, about forty-nine gallons of gin, about fifty-seven gallons of rum, and about twelve gallons of wine."   The court held that the description of the liquors intended to be seized was sufficient, and that the variation between the quantities described and seized was not cause enough for dismissal of the complaint.   See, also, *Downing* v. *Porter*, 8 Gray, 539 ; *Commonwealth* v. *Certain Intoxicating Liquors*, 13 Allen, 52, 58.

The second point is, that the liquors mentioned are not valued, and therefore the complaint does not show that the proceeding is within the jurisdiction of a District Court.   This point, so far as it is a proper matter for consideration, will be more appropriately considered under the second ground.

The second ground assigned for quashing the proceeding is, "because section 15, of cap. 634, of Public Laws, is unconstitutional in giving power to District Courts to condemn prohibited liquors, whatever may be the value of the property seized."   Under this ground the question is, whether there is anything in the Constitution to prevent the General Assembly from conferring original jurisdiction on District Courts in proceedings like this, whatever the value of the property seized may be.   We know of nothing. The Constitution, article X. sect. 2, declares that "the several courts shall have such jurisdiction as may from time to time be prescribed by law."   The power is broadly given, and we do not know of any limit upon it except such as may result from provisions in the Constitution which secure the right of jury trial.   These provisions debar the General Assembly from conferring *final* jurisdiction in many matters on courts sitting without jury, but it is well settled that they do not debar the General Assembly from conferring original jurisdiction over civil and criminal cases, subject to appeal to courts sitting with jury, except criminal cases in which the accused can only be put on trial "on presentment or indictment by a grand jury."   *Weaver* v. *Sturtevant*, 12 R. I. 537 ; *Beers* v. *Beers*, 4 Conn. 235 ; *Stewart* v. *Mayor and City Council of Baltimore*, 7 Md. 500 ; *Morford* v. *Barnes*, 8 Yerg.

444; *Jones* v. *Robbins*, 8 Gray, 329, 341; *Hapgood* v. *Doherty*, 8 Gray, 373; *O'Loughlin* v. *Bird*, 128 Mass. 600. Prior to the adoption of our Constitution, the civil jurisdiction of justices of the peace was limited to actions in which the debt or damages demanded did not exceed twenty dollars. Since then the jurisdiction of justices, or tribunals substituted for them, has been several times increased, and every increase has been unconstitutional, unless the appeal permitted has been sufficient to satisfy the constitutional provision referred to. In proceedings for seizure and forfeiture under chapters 596 and 634, a right to appeal to the Court of Common Pleas is reserved. And see *The Liquors of McSoley*, 15 R. I. 608.

The third and last ground assigned is, " because the proceeding is contrary to sections 6 and 14 of article I. of the Constitution of Rhode Island, and articles IV., V., VI., and VII. in amendment of the Constitution of the United States." So far as this ground depends on the Federal Constitution, it suffices to say that it is well settled that the first ten amendments to that Constitution are limited in their operation to the government of the United States. *Barron* v. *The Mayor and City Council of Baltimore*, 7 Peters, 243, 247; *State* v. *Paul*, 5 R. I. 185, 196; *State* v. *Keeran*, 5 R. I. 497; *Fox* v. *The State of Ohio*, 5 How. U. S. 410, 434; *Edwards* v. *Elliott*, 21 Wall. 552, 557; *Spies* v. *Illinois*, 123 U. S. 131, 166; Cooley, Constit. Limit. *19.

Section 6, article I. of the state constitution is as follows, to wit:

" The right of the people to be secure in their persons, papers, and possessions against unreasonable searches and seizures shall not be violated, and no warrant shall issue but on complaint in writing, upon probable cause, supported by oath or affirmation, and describing as nearly as may be the place to be searched and the persons or things to be seized."

The defendant does not point out any particular in which the proceeding violates this section, except that which we have already passed upon, namely, an alleged want of definiteness in the description of the liquors intended to be seized. We do not think that the searches and seizures which are authorized by chapters 598 and 634, if conducted in due form, can be regarded as uncon-

stitutional because they are unreasonable, especially in view of the duty which is imposed on the General Assembly by the fifth or prohibitory amendment to "provide by law for carrying the amendment into effect." Section 14 of article I. declares: "Every man being presumed innocent until he is pronounced guilty by the law, no act of severity which is not necessary to secure an accused person shall be permitted." No particular whatever is indicated in which this declaration is violated. We have not discovered any.

The questions, therefore, which are presented for decision by the certificate, must be answered adversely to the defendant, and the case sent back to the District Court for further proceeding in pursuance of the decision. *Order accordingly.*

*Clarence A. Aldrich,* Assistant Attorney General, for the State.

*Hugh J. Carroll & Thomas J. McParlin,* for claimant.