To his Excellency Elisha Dyer, Governor of the State of Rhode Island and Providence Plantations:
We have received the communication of your excellency, submitting for our opinion the following questions:
1. Is the provision in section 6, chapter 47 of the General *Page 583 
Laws, for a levy by the collector of taxes upon the body of a person neglecting or refusing to pay a poll-tax, in addition to, in explanation of, or in the place of the provisions of section 5 of said chapter?
2. Is the provision of said section 6 of said chapter 47 of the General Laws, for a levy upon the body of a delinquent poll-tax payer and his commitment to jail by the collector of taxes, in violation of the provisions of article V of amendments to the constitution of the United States, or of section 11 or section 15 of article I of the constitution of Rhode Island?
3. By what process shall the collector of taxes levy upon the person of a delinquent poll-tax payer under the provisions of said section 6 of said chapter 47 of the General Laws?
And in reply we have the honor to state:
We think the first question must be answered in the affirmative to the extent of holding that said section 6 is in addition to said section 5. It provides an additional remedy and method for the collection of poll-taxes which are more than thirty days overdue.
In our opinion the second question must be answered in the negative. So far as the question relates to the constitution of the United States, it is well settled that the first ten amendments thereto are limited in their operation to the government of the United States. In re the Liquors ofFitzpatrick, 16 R.I. 60, and cases there cited.
Said section 6 of chapter 47 of the General Laws does not conflict with section 11 of article I of the constitution of Rhode Island, but specially provides for a discharge from jail in due course of law. Neither does it violate the provisions of section 15 of said article I.
The constitution requires simply the conservation, not the extension, of the right of jury trial; "and though tax assessments were before, and have been since the adoption of the constitution, subject to revision in the courts, they have never, to our knowledge, been subject to revision by jury *Page 584 
trial." Bishop v. Tripp, 15 R.I. 466; Crandall v. James,6 R.I. 144.
In answer to the third question, we are of the opinion that the process to be used by the collector of taxes in making his levy upon the person of a delinquent is the warrant issued to him under the provisions of section 3 of said chapter 47 of the General Laws, so framed as to meet the requirements of said chapter, including the provisions of said section 6.
We suggest the following form of warrant for such collection and levy:
"State of Rhode Island and Providence Plantations.
To the collector of taxes of the town of ________ for the year ________ GREETING.
You are hereby commanded to proceed and collect from the persons named in the copy of the assessment of taxes of the assessors of taxes of the town of ______ for the year ______, to which this warrant is affixed, the several sums of money therein expressed of the persons liable therefor by the ______ day of ____, A.D. ____, the time directed by the town, and to pay over the same to me or to my successor in office. And if any person against whom a tax is therein assessed shall neglect or refuse to pay the same for thirty days after the same is due, you shall demand the same of such person with twenty-five cents for the cost of such demand; and if any such person upon whom demand is made as aforesaid shall neglect or refuse to pay such tax, together with the cost of making such demand, within five days after the date of such demand, then you shall, unless said tax has been remitted according to law, levy upon the body of such person and commit him to jail in the county of Providence, there to remain until he shall pay such tax and all legal costs, or be discharged therefrom in due course of law.
And for so doing this shall be your warrant. Hereof fail not.
Witness my hand this ______ day of ____, A.D. ____." *Page 585 
Mr. Justice Rogers, who concurs in the above opinion, is absent from the city, and we are unable to obtain his signature hereto.
 CHARLES MATTESON, JOHN H. STINESS, PARDON E. TILLINGHAST, GEORGE A. WILBUR, WILLIAM W. DOUGLAS, EDWARD C. DUBOIS.
 *Page 1