No. 24943.

THE PEOPLE OF THE STATE OF COLORADO *v.* THOMAS AVERY, ELIZABETH MARY BAUM, ANDONI CAMERON BEAVENS, VERN BERNEBULLOCK, JAMES HAGIUS, DAWN MOWDER, AND CYNTHIA SCOTT.

(478 P.2d 310)

Decided December 21, 1970.

316

STANLEY F. JOHNSON, District Attorney, RALPH S. JOSEPHSOHN, Deputy, for plaintiff-appellant.

WILLIAM D. NEIGHBORS, for defendant-appellee Thomas Avery.

TAUSSIG, MCCARTHY & SNYDER, PAUL SNYDER, JR., for defendants-appellees Elizabeth Mary Baum and James Hagius.

SARA-JANE M. COHEN, for defendant-appellee Andoni Cameron Beavens.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

THIS is an interlocutory appeal by the People from an adverse ruling of the Boulder County District Court sustaining a motion to suppress evidence seized pursuant to a search warrant. We affirm the ruling.

The trial court found that the search warrant did not sufficiently describe the premises to be searched and, further, that the affidavit for search warrant did not state sufficient grounds to establish probable cause for issuance of the warrant. The court therefore suppressed the evidence seized pursuant to the warrant.

In resolving the matters before this Court, we need only consider the sufficiency of the description of the place to be searched, as measured by the federal and state constitutional requirements.

The questioned warrant under consideration purported to confer authority to search "* * * the place known as 1045 12th Street, City of Boulder, County of Boulder, State of Colorado." The facts as developed at the preliminary hearing and hearing on the motion to suppress showed that "1045 12th Street" was the address of a residence building which was originally built for and at one time occupied and used as a single-family residence. At the time of the issuance of the warrant, it was used as a rooming house. Although no remodeling had apparently been done, eleven of the rooms were occupied as separate dwelling units rented by the month or by the semester to students of the University of Colorado through the University Off-Campus Housing Office. The only areas within the building used in common by the tenants were the hallways, the bathrooms and the kitchen. From the exterior appearance there was no indication that the building might be other than a single-family dwelling, except for the fire escape from the second floor and a mailbox on which appeared the names of the respective tenants. Actually, the building was used as a rooming house and not as a single-family dwelling.

318

■■ The Fourth Amendment to the Constitution of the United States provides:

"The right of the people to be secure in their persons, *houses,* papers and effects against unreasonable searches and seizures shall not be violated; and no warrant shall issue, but upon probable cause, supported by oath or affirmation, and *particularly describing the place to be searched,* and the person or things to be searched." (Emphasis added.)

Section 7 of article II of the Colorado constitution provides:

"The people shall be secure in their persons, papers, *homes* and effects, from unreasonable searches and seizures; no warrant to search any place or seize any person or things shall issue *without describing the place to be searched,* or the person or thing to be seized, *as near as may be,* nor without probable cause, supported by oath or affirmation reduced to writing. (Emphasis added.)

Immediately apparent from a reading of these constitutional provisions are the requirements that the *house* or *home* to be searched must be *particularly* described or described *as near as may be.* It is difficult to lay down any test as to the sufficiency of a description which can invariably be applied to all situations and all circumstances. However, certain overriding considerations have evolved which may generally control and guide the magistrate in issuing the warrant, depending upon the nature and character of the place to be searched. A basic consideration is that general or blanket searches are forbidden, such being the very evil sought to be protected against by the adoption of the constitutional provisions against unreasonable searches and seizures. *Boyd v. United States,* 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746; *People v. Musk,* 221 Mich. 578, 192 N.W. 485; *State el rel. King v. District Court,* 70 Mont. 191, 224 P. 862; *Williams v. State,* 95 Okla. Crim. 131, 240 P.2d 1132, 31 A.L.R.2d 851.

 The courts are generally agreed that where a structure is divided into several occupancy units, or is a multi-unit dwelling, and there is no common occupancy of the entire structure by all of the tenants, a search warrant which merely describes or identifies the larger multiple-occupancy structure and not the particular subunit to be searched is insufficient to meet the constitutional requirements of particularity of description. See the collection of authorities in the annotation at 11 A.L.R.3d 1330. A search of a subunit under a general warrant authorizing search of the entire structure but not the particular subunit becomes unlawful and evidence seized as a result of such search will be suppressed. The basic philosophy that a man's home is his castle applies no less to an apartment dweller's apartment or to a roomer's room; and it is not to be invaded by any general authority to search and seize his goods and effects.

 We hold that when authority is desired to search a particular apartment or apartments within an apartment building, or a particular room or rooms within a multiple-occupancy structure, the warrant must sufficiently describe the apartment or subunit to be searched, either by number or other designation, or by the name of the tenant or occupant; and where, as here, the warrant merely describes the entire multiple-occupancy structure by street address only, without reference to the particular dwelling unit or units sought to be searched, it is constitutionally insufficient and the evidence seized pursuant to such a warrant will be suppressed upon proper motion.

The ruling is affirmed.