No. 24777.
No. 24856.

THE PEOPLE OF THE STATE OF COLORADO *v*. FRANCIS JOHN LEAHY, RANDALL SCHUBERT, JAKIE DARLENE SMITH AND DONALD STERKEL.
(484 P.2d 778)

Decided December 28, 1970.

STANLEY F. JOHNSON, District Attorney, RALPH S. JOSEPHSOHN, Deputy, for plaintiff-appellee.

PETER H. NEY, for defendant-appellant Jakie Darlene Smith.

CHRISTOPHER R. BRAUCHLI, for defendant-appellant Donald Sterkel.

WILLIAM R. GRAY, for defendant-appellant Francis John Leahy.

ROBERT L. PITLER, for defendant-appellant Randall Schubert.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, AUREL M. KELLY, Assistant, amicus curiae.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

THIS is an interlocutory appeal brought by the defendants, who stand charged with possession of marijuana with intent to induce and aid another to unlawfully use and possess it. The marijuana was seized under a search warrant, which the defendants contend was defective and invalid. The trial court denied their motion to suppress the evidence seized under the warrant. We affirm the ruling.

I.

The warrant contained the name of the person who made the affidavit upon which it was based, contained a description of the property sought to be obtained, and gave a description of the premises at which the property was believed to be situated. It also contained the statement that the property was intended for use as a means of committing a criminal offense, that the possession of the same was illegal, and that the property sought would be material evidence in a subsequent criminal prosecution. Otherwise, the warrant did not contain the contents of the affidavit, and, at the time of the search and the service of the warrant, a copy of the affidavit was not served.

■ We regard the warrant as sufficient and valid under Crim. P. 41. The defendants contend that the warrant did not comply with 1965 Perm. Supp., C.R.S. 1963, 48-5-11(3) because the warrant did not contain or have attached thereto the contents of the affidavit. This statute, originally adopted in 1935, relates to the unauthorized possession of narcotic drugs. It provides that the form of a search warrant for narcotic drugs shall be substantially as set forth in the statute. The form is in part as follows: "Whereas there has been filed with the undersigned an affidavit of which the following is a copy (here copy the affidavit)...."

■ The district attorney submits that the statute is unconstitutional and, therefore, the warrant is to be judged solely under Crim. P. 41. We agree.

One portion of this statute already has been declared

unconstitutional. *Wilson v. People,* 156 Colo. 243, 398 P.2d 35 (1965). Our attention is directed to another portion of this statute which states that after a certain type of affidavit is filed with the court, "then such judge of such court, shall issue a warrant to any officer which the complainant may designate. . . ." The district attorney submits that the word "shall" robs a court of discretion, making it mandatory for the court to issue the warrant, thus unconstitutionally usurping the judicial function under the Fourth and Fourteenth Amendment to the United States Constitution and art. II, §. 7 of the Colorado constitution. The district attorney has cited *Wilson v. People, supra.,* as authority. The district attorney further argues that the entire statute must fall by reason of this unconstitutional invalidity and, having fallen, Crim. P. 41 controls.

Both the defendants and the Attorney General argue rather vigorously that there is no reason for us to pass on the constitutionality of the statute. It is their position that the statute is constitutional because "shall" should be interpreted to mean "may."

We do not regard *Wilson, supra,* as very good authority in this matter. Our own research has found *People v. De La Mater,* 213 Mich. 167, 182 N.W. 57 (1921), which declared a similar statute unconstitutional. We quote the Colorado and Michigan statutes in parallel fashion to show the striking similarity between them:

|  *Colorado*  |  *Michigan*  |
|---|---|
| "If any person make an affidavit before any judge of any county or district court, | "If any person makes a sworn complaint or affidavit before any magistrate authorized to issue warrants in criminal cases, |
| stating that he has reason to and does believe that any person has in his possession or under his con- | that he has reason to believe and does believe that any intoxicating liquors are being manufactured, |

trol any of the drugs mentioned in this article, within the jurisdiction of such court, and describing in such affidavit the person, wagon, automobile, vehicle, contrivance, thing, or device to be searched,

then such judge of such court, shall issue a warrant to any officer which the complainant may designate having power to serve original process, commanding such officer to search the person, premises, wagon, automobile, vehicle, contrivance, thing or device described in such affidavit." 1965 Perm. Supp., C.R.S. 1963, 48-5-11 (3).

possessed, sold, furnished, or given away, or kept for the purpose of being sold, furnished, given away or possessed, contrary to law, or that such liquors are stored, temporarily or otherwise, in any depot, freight house, express office, or in any other building or place with the apparent intention of being delivered for the purpose of being sold, furnished or given away contrary to the provisions of this act,

such magistrate shall immediately issue his warrant to any officer whom the complainant may designate, having power to serve criminal process, commanding him to search the premises described and designated in such complaint and warrant, and if such liquors are there found, to seize the same together with the vessels in which they are contained, and all the implements and furniture used and kept for such illegal manufacturing, importing, selling, furnishing, giving away, possessing, or storing of such liquors, and then safely keep and make

immediate return on said warrant." Mich. Pub. Acts 1917, No. 338, § 25.

In *De La Mater* the Michigan court held that the word "shall" constituted a mandatory command to issue the writ, robbing the magistrate of authority to determine the question of probable cause under a provision of the Michigan constitution similar to our art. II § 7. That court also relied upon the similar wording in the Fourth Amendment of the United States Constitution. If that statute was unconstitutional, certainly the one here under consideration is. To us the word "shall" in this statute is used in the mandatory sense. Therefore, the statute deprives a court of the discretion which a court must exercise in finding probable cause as required by our Constitution and the United States Constitution. This particular portion of the statute is an integral part of the entire C.R.S. 1963, 48-5-11(3) and is non-severable. Therefore, the entire sub-section (3) of the statute is declared to be unconstitutional. *See White v. Anderson,* 155 Colo. 291, 394 P.2d 333 (1964); *Four-County Metropolitan Capital Improvement District v. County Commissioners,* 149 Colo. 284, 369 P.2d 67 (1962); *Denver v. Lynch,* 92 Colo. 102, 18 P.2d 907 (1932); *Mayor v. Shattuck,* 19 Colo. 104, 34 P. 947 (1893). It follows, then, that the validity of the warrant is to be judged under Crim. P. 41 and, as we have indicated, it is sufficient under that rule.

II.

The affidavit, upon which the warrant was predicated, was made by an officer of the Boulder Police Department assigned to the investigation of drugs violations. It recited that a detective of the Denver Police Department had made a report to the affiant; that an informant had advised the Denver detective that on the previous day he had observed several packages of cocaine, hashish and LSD in a certain residence in Boulder (which became the subject of the search); and that the Denver

detective previously had found the informant reliable. The affidavit continued with instances showing the reliability of the informant. It is not argued here that the showing as to the *informant's* reliability was insufficient. Rather, the defendants present the proposition that the affidavit did nothing to disclose the reliability of the Denver detective, except the fact that he was a detective, which fact defendants do not recognize as being sufficient.

With the proximity of Denver and Boulder, the police departments must of necessity — and they do — work together on many matters. We perceive an analogy between the officers of these two departments exchanging information and the exchange of information between agents of the Federal Bureau of Investigation located in different cities. Under *United States v. McCormick,* 309 F.2d 367 (1962), an F.B.I. agent, acting as affiant, can use information obtained from an informant by an F.B.I. agent in another city, and the characteristic of "double hearsay" does not render the warrant invalid. *See United States v. Simon,* 409 F.2d 474 (1969). We do not read *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1968), and *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), as requiring a showing of reliability of the Denver detective.

III.

■ The warrant specified the place to be searched as "1704 Pine St., County of Boulder, State of Colorado." The defendants contend that since the city involved was not shown, the warrant was fatally defective. The district attorney made a showing to the trial court that the place searched was the only one in the County of Boulder having an address of 1704 Pine St. The court found that there was sufficient clarity as to the location in the minds of all parties involved. With this showing and finding we have concluded that the absence of the name of the city was not fatal or prejudicial. *People v. Royse,* 173 Colo. 254, 477 P.2d 380 (1970).

## IV.

█ The defendants assert that the language in the warrant which specified the items to be seized is so broad and ambiguous as to make this a general warrant, *i.e.*, the language is so broad as to be unconstitutional *per se*. The warrant authorizes seizure of the following items:

"1. Any and all narcotics and dangerous drugs as defined by the applicable Colorado Statutes, the possession of which is illegal.

"2. All implements, paraphernalia, articles, papers and records pertaining to, or which would be evidence of, the illegal use, possession or sale of narcotics and/or dangerous drugs."

We do not think that this language has the effect of making this a general warrant. We recently approved a warrant having no greater degree of certainty. *People v. Schmidt,* 172 Colo. 285, 473 P.2d 698 (1970).

There is brief mention by the defendants that the above description did not authorize seizure of some of the items actually seized. The only items they denominate specifically are "papers and effects." The return and inventory listed papers belonging to various named defendants, and the warrant authorized seizure of certain kinds of "papers." Neither the inventory, the briefs, nor the record discloses the nature of these "papers." In this connection we note that the parties submitted most issues concerning this search and seizure by briefs rather than at an evidentiary hearing. The defendants raised only one issue in the evidentiary hearing, even though given an opportunity by the court to submit evidence on all issues they wished to present. Since the defendants have not advised us of the nature of these "papers," we are unable to make any determination of the matter.

## V.

We find the other arguments presented by the defendants without merit.

Ruling affirmed.