No. 25083.

The People of the State of Colorado *v.* David W. Lucero, Rosalia M. Lucero, and Freddie Salazar.

(483 P.2d 968)

Decided April 19, 1971.

JARVIS W. SECCOMBE, District Attorney, Second Judicial District, WILLIAM O. PERRY, JR., Assistant, LEONARD M. CHESLER, Chief Deputy, COLEMAN M. CONNOLLY, Deputy, for plaintiff-appellee.

ASHEN and FOGEL, MARSHALL A. FOGEL, for defendants-appellants.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

THIS interlocutory appeal is brought by David W. Lucero, Rosalia M. Lucero and Freddie Salazar, hereinafter referred to as the defendants or by name, from an adverse ruling in the trial court on their motion to suppress evidence which they allege was obtained as the result of an illegal search and seizure. We affirm.

The record shows that on the basis of an affidavit containing information received from an informer, detectives of the Denver Police Department obtained a warrant to search the premises at 347 Bannock. The affiant, Detec-

tive DeNovellis, also stated in the affidavit that he and another officer had conducted a "sporadic surveillance" of the building. The warrant was served at night, and the officers covered all three of the entrances to the building. DeNovellis and other officers entered through the rear. After the officers entered the premises, it became apparent that the house was divided into two living quarters on the main floor, with a third on the second floor. The quarters in the rear were occupied by Mrs. Lucero's mother. The officers passed through these quarters, making no search, and entered a common laundry room where they encountered defendant Salazar running and attempting to destroy evidence. He was arrested, and the evidence seized. The officers then passed into the Luceros' quarters in the front of the house, seized quantities of contraband drugs, and arrested the two Luceros.

■ Defendants argue that since this warrant was directed to "347 Bannock," and not to the particular apartment of the Luceros, the warrant was fatally defective as it violates U.S. Const. amend. IV (Fourth Amendment) and Colo. Const. art. II, § 7. These sections require that a warrant particularly describe the place to be searched. It is conceded that the officers only had probable cause to search the Luceros' quarters.

■ Our recent opinion in *People v. Avery*, 173 Colo. 315, 478 P.2d 310 (hereinafter cited as *Avery*), states the general rule of law when dealing with searches made in rooming houses or apartment houses. There the particular search in question was held invalid. This case is distinguishable from *Avery* in two important respects. First, in *Avery*, the trial judge made a specific finding that the officers knew or should have known when they got their warrant that the building involved was a rooming house. In this case, the trial court made a finding, supported by the record, that the officers did not know that these were actually individual apartments until they

had entered; and also, that they had every reason to believe that the house was a one-family residence.

Second, in *Avery* the search went beyond the area for which the officers had probable cause on the basis of their affidavit. In this case the only area actually searched was that under the control of the Luceros, and the affidavit clearly reveals probable cause for such a search. We hold that the rule in *Avery* is subject to an exception, among others, where the officers did not know nor did they have reason to know that they were dealing with a multi-family dwelling when obtaining the warrant, and providing that they confine the search to the area which was occupied by the person or persons named in the affidavit. For a collection of cases, see *Annot.,* 11 A.L.R.3d 1330, 1334 (§8) (1967, Supp. 1970).

As to Salazar, certainly the officers were legally on their way to the Luceros' quarters when he ran past them destroying evidence. This seizure and his arrest were based on probable cause not dependent on the warrant.

The ruling of the trial court is affirmed.

MR. JUSTICE ERICKSON specially concurring.

MR. JUSTICE ERICKSON specially concurring:

Although I agree with Chief Justice Pringle that the search in this case is not subject to attack, I wish to clarify what in my opinion an officer should know at the time he makes an application for a search warrant. In my opinion an officer should know, at the time he seeks a warrant, whether the multi-family nature of the structure is apparent from the external appearance of the dwelling. He should take into consideration all facts which are known to him, or should have been known to him, through ordinary observation of the building. If the building is obviously used as an apartment, rooming house, duplex, office building, or for any other multiple occupancy use, the officer must take that fact into account at the time he obtains the warrant.