No. 25076.

THE PEOPLE OF THE STATE OF COLORADO *v.* ROBERT MICHAEL ALLEN ALARID, BETTY LOU NORMAN AND JO ANN SUSAN SMITH.
(433 P.2d 1331)

Decided April 19, 1971.

Duke W. Dunbar, Attorney General, Robert R. Gallagher, Jr., District Attorney, John A. Burns, Deputy, James F. Macrum, Jr., Deputy, for plaintiff-appellant.

Virginia Malloy, for defendant-appellee Robert Michael Allen Alarid.

Peter H. Ney, for defendant-appellee Betty Lou Norman.

Richard J. Banta, for defendant-appellee Jo Ann Susan Smith.

*En Banc.*

Mr. Justice Erickson delivered the opinion of the Court.

Pursuant to C.A.R. 4.1, the district attorney of Arapahoe County prosecutes this interlocutory appeal seeking to reverse an order suppressing certain evidence that was seized pursuant to a search warrant. The search warrant in issue was dated August 6, 1970, and permitted the search of premises known as 3740 South Delaware, Englewood, Colorado. The search warrant was issued on the basis of affidavits of Sam DeCant and Bob D. Sendle of the Arapahoe County Sheriff's Department. Both affidavits were predicated upon information supplied by a confidential, reliable informant. The affidavits established that the informant had seen marijuana and heroin and had purchased marijuana at the residence identified as 3740 South Delaware.

On the same day, DeCant and Sendle gained entrance to 3740 South Delaware and conducted a thorough search which resulted in the seizure of marijuana and narcotics paraphernalia. The house at 3740 South Delaware Street was a multiple-family dwelling which was owned by the defendant Betty Lou Norman. Mrs. Norman had rented a basement apartment to the defendant Jo Ann Susan Smith (hereinafter referred to as Miss Smith). The sheriff's officers, who were conducting the search, broke the door down to Miss Smith's apartment in order to effectuate a search of the entire premises. Narcotics were found both upstairs and downstairs and all through the house.

■ The defendants in this action filed a motion to suppress, relying on our decision in *People v. Avery*, 173 Colo. 315, 478 P.2d 310 (1970), in which we held that "* * * when authority is desired to search a particular apartment or apartments within an apartment building, or a particular room or rooms within a multiple-occupancy structure, the warrant must sufficiently describe the apartment or subunit to be searched, either by number or other designation, or by the name of the tenant or occupant; and where, as here, the warrant merely describes the entire multiple-occupancy structure by street address only, without reference to the particular dwelling unit or units sought to be searched, it is constitutionally insufficient and the evidence seized pursuant to such a warrant will be suppressed upon proper motion." After hearing the evidence, and making a finding that 3740 South Delaware was a multiple-family dwelling in which the defendant Miss Smith maintained a separate apartment, the trial judge suppressed the evidence.

The district attorney argues that the trial judge was in error, because he failed to uphold the search on the basis of two well-recognized exceptions to the general rule which we established in the *Avery* case. The first exception that the district attorney would have us adopt as a basis for reversal is that the Norman house was

occupied in common by everyone. *Renner v. State,* 187 Tenn. 647, 216 S.W.2d 345 (1945); *Nelson v. State,* 200 Ind. 292, 163 N.E. 95 (1928). He would also have us reverse the trial judge on the basis of an additional exception that prevails when the multiple unit character or structure is not known to the officers and cannot be ascertained from the exterior appearance of the unit. *Minovitz v. United States,* 112 App. D.C. 21, 298 F.2d 682 (D.C. Cir. 1962); *Owens v. Scafati,* 273 F.Supp. 428 (D.C. Mass. 1967). For a discussion of the general rule and its exceptions, see *Annot.* 11 A.L.R.3d 1330.

The contention that the Norman house was occupied in common by everyone is clearly refuted by the amply supported finding of the trial judge that Miss Smith occupied a separate apartment within the residence located at 3740 South Delaware. There was undisputed testimony that Miss Smith rented and occupied a basement apartment at 3740 South Delaware. There was also evidence that this apartment had kitchen facilities, a complete bathroom and a separate outside entrance to which Miss Smith had the keys. The only door in the Smith apartment leading to the upstairs was locked from the inside.

■ This Court adopted the second exception urged by the district attorney in *People v. Lucero,* 174 Colo. 278, 483 P.2d 968, announced contemporaneously with this opinion. This case is distinguishable from *Lucero,* however, in two important respects. First, in *Lucero,* the trial court found that the officers had every reason to believe that the house was a one-family residence. They did not know that the house had been divided into individual apartments until they actually entered the premises. Here, the trial court found that the officers knew or should have known that the house was not a one-family residence, and there is evidence to support that finding. The fact that the officers had notice of the separate dwelling facilities located in the basement of the residence is evident from the affidavit of Officer

DeCant. The affidavit, containing the facts provided by the confidential, reliable informant, indicates that the downstairs rooms had been used as separate living quarters by non-family members, on a possible rental basis. The record also indicates that there was a separate outside entrance leading to the basement apartment and that Miss Smith utilized the separate entrance in going to and from the apartment. Thus, it is apparent that *People v. Avery, supra,* is applicable herein, and that the warrant is constitutionally insufficient since no facts were presented which would show that there was probable cause to believe that criminal activity was occurring in both dwelling places.

A second factual distinction between this case and the *Lucero* case is that the search in *Lucero* was restricted to that portion of the premises occupied by the persons identified in the affidavit on which the warrant was predicated. Here, as in *Avery,* the officers conducted a general, exploratory search that went beyond the area which they had probable cause to search.

Accordingly, the ruling of the trial court is affirmed.