No. 25247.

THE PEOPLE OF THE STATE OF COLORADO *v.* STEVE A. MAES,
A/K/A STEVE ALVIN MAES.
(491 P.2d 59)

Decided December 6, 1971.

CARL PARLAPIANO, District Attorney, Tenth Judicial District, CECIL L. TURNER, Chief Deputy, for plaintiff-appellant.

ROLLIE R. ROGERS, State Public Defender, J. D. MAC-FARLANE, Chief Deputy, J. E. LOSAVIO, JR., Assistant, for defendant-appellee.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

THIS is an interlocutory appeal by the People from an adverse ruling of the District Court of Pueblo County sustaining a motion to suppress evidence seized under a search warrant. We reverse the ruling.

The trial court found that the search warrant did not sufficiently identify the premises to be searched, as required by the Constitutions of the United States and of the State of Colorado.

The warrant described the premises as "basement apartment at 502 Morrison Avenue, Pueblo, Colorado." There was no reference in the warrant to the name of the occupant or tenant of the particular apartment sought to be searched. Consequently, a "particularity" problem under both the federal and state constitutions arises,

because there were two "basement apartments" at that address. Defendant contends that the failure to describe the place to be searched with *particularity* invalidated the warrant.

The question for our determination is whether under the circumstances here the premises were described with *sufficient particularity*. The Fourth Amendment to the Constitution of the United States and art. II, § 7 of our state constitution were designed primarily to prevent unreasonable intrusions into the sanctity and privacy of the home. The *Ventresca* philosophy, expressed in this language, should guide us in answering the question:

". . . [W]hen a magistrate has found probable cause, the courts should not invalidate the warrant by interpreting the affidavit in a hypertechnical, rather than a common-sense, manner. Although in a particular case it may not be easy to determine when an affidavit demonstrates the existence of probable cause, the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants." *United States v. Ventresca*, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684.

We have two cases which bear upon the problem. The first is *People v. Avery*, 173 Colo. 315, 478 P.2d 310, in which Mr. Justice Lee, in construing the provisions of the Fourth Amendment and art. II, § 7 of our constitution, observed:

"Immediately apparent from a reading of these constitutional provisions are the requirements that the *house* or *home* to be searched must be *particularly* described or described *as near as may be*. It is difficult to lay down any test as to the sufficiency of a description which can invariably be applied to all situations and all circumstances. However, certain overriding considerations have evolved which may generally control and guide the magistrate in issuing the warrant, depending upon the nature and character of the place to be searched. A basic

consideration is that general or blanket searches are forbidden, such being the very evil sought to be protected against by the adoption of the constitutional provisions against unreasonable searches and seizures."

*Avery*, on the facts, is distinguishable from this case. In *Avery* the warrant described "the entire multiple-occupancy structure by street address only." An examination of the testimony of Officer Koncilja in this case suggests that from his surveillance and the information furnished by his informant that he had no knowledge of the fact nor any reason to believe that there was more than one basement apartment. He could not determine from his observations whether the people entering the house lived in the basement or upstairs, because

". . . there is a high block wall I would see people go into a side door on what would be the north side of the house, but I could not tell whether they went upstairs or walked up a few steps to the main floor or where. Likewise with the back door, I couldn't see adequately whether it went downstairs. My informant told me it was *the* downstairs apartment where Mr. Maes was living; . . ." (Emphasis added.)

The officer testified he had never been in the basement before. The record is also clear that this was not a general exploratory search which is the evil the constitutions were designed to protect against. The officers went into Maes' basement apartment with him. They searched only the apartment which he shared with another individual. The actual search was limited to Maes' bedroom and the rooms which he shared in common with the other individual.

This case falls within the spirit of the exception of *People v. Lucero,* 174 Colo. 278, 483 P.2d 968, the second case, wherein Mr. Chief Justice Pringle said:

". . . We hold that the rule in *Avery* is subject to an exception, among others, where the officers did not know nor did they have reason to know that they were dealing with a multi-family dwelling when obtaining the war-

rant, and providing that they confine the search to the area which was occupied by the person or persons named in the affidavit. For a collection of cases, see Annot., 11 A.L.R. 3d 1330, 1334 (§ 8) (1967, Supp. 1970)."

Here the police officer in obtaining the warrant and the judge in issuing the warrant acted in the utmost good faith in attempting to conform to the constitutional mandate. The place searched was the place specifically designated in the affidavit and generally described in the warrant. Here the officer described the place as nearly as he could.

The fact that the apartment was occupied by Steven Maes was relevant to the *probable cause,* as that related to the requirement for the issuance of the warrant. However, at the time the warrant was issued, on the basis of the information then available to the officer, it would have appeared to constitute superfluous description. In short, Officer Koncilja did not know nor did he have reason to believe that the basement contained more than one apartment at the time the warrant was issued. *People v. Lucero, supra.*

It is conceded here that the affidavit sufficiently described the place to be searched because it identified it as "Maes apartment." The warrant, admittedly lacked this specificity. But that deficiency did not result in the illegal search of the *other* basement apartment — nor of any of the quarters occupied by others on the main or second floor of the house.

Under the circumstances here, where the police officer who was the affiant in the affidavit which identified the premises to be searched as "Maes apartment," also executed the warrant resulting in a search limited, in fact, to Maes' apartment, the warrant was sufficient.

Ruling reversed.

MR. JUSTICE GROVES concurs in the result.

MR. JUSTICE LEE and MR. JUSTICE ERICKSON dissenting.

MR. JUSTICE LEE dissenting:

I respectfully dissent.

The trial court was of the opinion this case was governed by the rule announced by unanimous decision of this Court in *People v. Avery,* 173 Colo. 315, 478 P.2d 310. *Accord, People v. Alarid,* 174 Colo. 289, 483 P.2d 1331. I agree with the trial court and would affirm its ruling granting the motion to suppress.

In *Avery* this Court held that when authority is desired to search a particular apartment within an apartment building, or a particular room within a multi-occupancy structure, the warrant must describe the apartment or subunit to be searched "either by number or other designation, or by the name of the tenant or occupant" of the apartment or subunit.

Here, the warrant merely described the premises to be searched as "basement apartment at 502 Morrison Avenue, Pueblo, Colorado," without designating which basement apartment was to be searched. Nowhere in the warrant was there any reference to the name of the occupant or tenant (Maes) of the particular apartment, although this was clearly known to the officer whose supporting affidavit contained this information. Nor was there reference in the warrant to any other designation, fact or circumstance by which the apartment might be further identified.

This failure to specify with particularity by name or otherwise the apartment sought to be searched, in my view renders the warrant fatally defective and to uphold it does violence to the unequivocal mandate of both the federal and state constitutions — that the warrant "particularly describe the place to be searched" and that it describe the place "as near as may be."

The Supreme Court of the United States has many times declared that the Fourth Amendment right against unreasonable searches should be liberally interpreted in

favor of the citizen, most recently in *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564. In *Gouled v. United States,* 255 U.S. 298, 41 S.Ct. 261, 65 L.Ed. 647, it was stated:

"* * * It has been repeatedly decided that these Amendments [the Fourth and Fifth] should receive a liberal construction, so as to prevent stealthy encroachment upon or 'gradual depreciation' of the rights secured by them, by imperceptive practice of courts or by well-intentioned but mistakenly overzealous executive officers."

To honor the warrant in this case would appear to contribute to the gradual depreciation and erosion of that right.

The view espoused here does not impose any undue burden upon law enforcement. It would have been a simple matter for the officer, whose affidavit of probable cause supported the warrant and whose informant advised that defendant Maes was engaged in illegal conduct at Maes' basement apartment, to insert Maes' name in the warrant so as to particularly identify the place to be searched.

To quarrel with my brethren at any length concerning the factual setting in which this controversy arose, as shown by the record, would serve no constructive purpose, other than to note, as often repeated, that it ill-behooves this Court on review to indulge in the luxury of finding facts and drawing inferences contrary to those implicit in the trial court's findings and order. The majority opinion would seem to indulge in that luxury.

MR. JUSTICE ERICKSON authorizes me to state that he joins in this dissent.