568 P.2d 101 (1977)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
George SALAZAR, a/k/a George Louis Carlos Salazar, Defendant-Appellant.
Nos. 76-516, 76-517.
Colorado Court of Appeals, Div. III.
June 9, 1977.
Rehearing Denied June 30, 1977.
Certiorari Denied September 6, 1977.
*102 J. D. MacFarlane, Atty. Gen., Jean E. Dubofsky, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., J. Stephen Phillips, James E. Thompson, Asst. Attys. Gen., Denver, for plaintiff-appellee.
David B. Savitz, Denver, for defendant-appellant.
PIERCE, Judge.
Defendant, George Salazar, appeals a judgment of conviction of two counts of drug possession entered upon a jury verdict. He also appeals from the trial court's subsequent revocation of probation and refusal to stay execution of the sentence. We affirm.

I.
Defendant first argues that the trial court should have suppressed certain evidence seized under a search warrant that defendant asserts was insufficient on its face because it described the place to be searched by street address only, even though there were at least two apartments at the location. We find no error.
Ordinarily a search warrant for a multi-unit structure which does not specify a particular subunit is constitutionally defective. People v. Avery, 173 Colo. 315, 478 P.2d 310 (1970). However, here the affidavit for the warrant specified that only the single apartment located in the upstairs portion of the building was that for which the warrant was desired. The warrant was thereafter executed by the officer who procured its issuance. Thus, since the affidavit contains sufficiently specific information to uphold issuance, evidence obtained in the resulting search need not be suppressed simply because the warrant contains only a general description of the place to be searched. See People v. Maes, 176 Colo. 430, 491 P.2d 59 (1971); People v. Lucero, 174 Colo. 278, 483 P.2d 968 (1971). Cf. People v. Alarid, 174 Colo. 289, 483 P.2d 1331 (1971). See generally Annot., 11 A.L.R. 3d 1330 (1967).

II.
Defendant next alleges as error the trial court's failure to direct judgment of acquittal, urging the alleged insufficiency of the evidence as to defendant's knowing exercise of dominion and control over the contraband. See, e. g., Johns v. People, 179 Colo. 8, 497 P.2d 1253 (1972). Here, however, there was adequate evidence to warrant submission to the jury of the issue of defendant's guilt or innocence. Despite defense testimony to the contrary, there was evidence that at the time of the seizure, defendant was living in and paying rent on the apartment where the contraband was found. This evidence precluded entry of judgment of acquittal. See People v. Vigil, 175 Colo. 421, 489 P.2d 593 (1971). See also People v. Bennett, 183 Colo. 125, 515 P.2d 466 (1973).

III.
Defendant contends that the trial court erred in not declaring a mistrial because of allegedly improper comments made by a prosecution witness and by the court. No error was committed.
The witness, a police detective, began to narrate the hearsay affirmative response of an unnamed person in the building as to whether defendant resided there. Mistrial was denied on the prosecution's representation that other evidence of residency would later be introduced, as was done. We will not overturn a conviction under these circumstances. Gonzales v. People, 156 Colo. 252, 398 P.2d 236 (1965), cert. denied, 381 U.S. 945, 85 S.Ct. 1788, 14 L.Ed.2d 709 (1965).
The challenged commentary of the court followed a defense objection to admissibility of the contraband, based on an allegedly inadequate showing of chain of custody. *103 No point of error is raised here as to the break in the chain of custody. The objection runs only to the remarks of the trial judge. In passing on admissibility, the court indicated in the presence of the jury that the chain of custody was sufficient. A defense motion for mistrial was denied, but a contemporaneous curative instruction was given advising the jury as to its responsibility to determine whether an adequate chain of evidence was established despite the court's ruling as to admissibility. This procedure was within the scope of the trial court's discretion, and under these circumstances, we do not view the denial of mistrial to be reversible error. McCune v. People, 179 Colo. 262, 499 P.2d 1184 (1972). See also People v. Goff, 187 Colo. 57, 530 P.2d 512 (1974).

IV.
Finally, defendant contends that the trial court erred in revoking defendant's probation and in refusing to stay execution of sentence, arguing that a person is not "convicted" for the purposes of probation revocation under § 16-11-206(3), C.R.S. 1973, until appellate remedies are exhausted. While we recognize that this statute has not been interpreted previously, we rule that the rationale adopted by our Supreme Court in People v. District Court, Colo., 554 P.2d 1105 (1976), should control here. In that case the court held that:
"In the statute under consideration the legislative intent is apparent that the term `convicted' means convicted upon trial. . . .
"In addition to the foregoing reasons, mention should be made that at the time of this enactment Crim.P. 32(c) was in effect. It provides:
`(c) Judgment. A judgment of conviction shall consist of a recital of the plea, the verdict or findings, the sentence, and cost if any are awarded against the defendant.'"
Additionally the statute before us specifically provides that probation can be revoked even prior to conviction. Hence, the trial court's ruling was correct. See also People v. Ray, Colo., 560 P.2d 74 (1977); People v. District Court, Colo., 559 P.2d 235 (1977).
Judgment and sentence affirmed.
RULAND and VanCISE, JJ., concur.