The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Joseph Louis PAPEZ, Defendant-Appellant.

No. 81CA0131.

Colorado Court of Appeals, Div. II.

July 15, 1982.

Rehearing Denied July 29, 1982.

Certiorari Denied Sept. 27, 1982.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sp. Asst. Atty. Gen., Morgan Rumler, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Darol C. Biddle, Pueblo, for defendant-appellant.

VAN CISE, Judge.

Following a jury trial, defendant, Joseph Louis Papez, was convicted of possession of not more than one ounce of cannabis, a class 2 petty offense, in violation of § 12–22–412(12)(a), C.R.S.1973 (1978 Repl.Vol. 5), and was fined $100 and costs. He appeals. We affirm.

During the course of his investigation of the burglary of a real estate office, detective John Mullins obtained a warrant for a search of defendant's residence. None of the stolen property was found. However, while searching for the items listed on the

warrant, he saw and seized drugs and drug paraphernalia that were in plain view. Contending that the search warrant was defective and invalid because the description of the items to be seized was not sufficiently specific and because there was no probable cause for its issuance, defendant moved to suppress the evidence seized. Except for a few items not material to the charge, the motion was denied and the evidence was admitted. He makes the same contentions on appeal.

## I.

■ Defendant contends that the affidavit of officer Mullins in support of the application for the search warrant did not establish probable cause to believe that the stolen property would be on the premises to be searched. We do not agree.

The affidavit contains statements, based on a report from the named victim (whose reliability defendant does not challenge), that there was a forced entry into the victim's office at 56 Park Avenue, Manitou Springs, Colorado, on March 29 or 30, 1980, and that certain specifically described property of a value in excess of $7,000 was taken from his office at that time. Mullins' affidavit further states that he found fresh footprints about the entrance and exit leading into the parking lots at 56 Park Avenue and 55 Grand Avenue. He observed the same type of footprints coming from 55½ Grand Avenue. He contacted the defendant, who resided at that address, and observed that defendant was wearing a type of hiking boot which left prints similar to those around the burglary scene. The victim advised Mullins that he had seen defendant walking by the victim's office on several occasions, and that, when walking by, defendant could have seen the property that was later stolen if he had looked in the office windows. The officer requested defendant to allow him to enter the residence on a consent search; the request was denied.

The "constitutional standard of probable cause requires that the affidavit allege sufficient facts to warrant a person of reasonable caution in the belief that contraband or evidence of criminal activity is located on the premises to be searched. . . . In determining whether the constitutional standard has been satisfied, the affidavit must be interpreted 'in a common sense and realistic fashion' and courts should not impose 'technical requirements of elaborate specificity.' . . ." *People v. Hearty,* Colo., 644 P.2d 302 (1982). Applying that standard, we agree with the trial court that the averments in the affidavit established probable cause to search.

## II.

■ Defendant's other contention is that the trial court should have suppressed the drugs and drug paraphernalia seized from his residence for the reason that the search warrant described the property to be searched for, *i.e.,* the property stolen from the office, in general terms only and was, therefore, constitutionally defective.[1] We do not agree.

The search warrant at issue directed the law enforcement officers to enter defendant's apartment and to "search for electronic computers, calculators, lamps, vacuum cleaner, phone recorders," as these items were "stolen or embezzled" or "would be material evidence in a subsequent criminal prosecution." The warrant referred to the affidavit of Detective Mullins, the applicant for the warrant. Mullins' affidavit listed the following items stolen from the victim's office:

"1.  TEXAS INSTRUMENT CALCULATOR (HAND HELD)

2.  NOVAS CALCULATOR (HAND HELD)

3.  AM–FM RADIO

4.  SHOP VACUUM (ROUND CANISTER)

5.  ENGLISH IVY PLANT AND POT

1.  Defendant does not question the right to seize the items that were in plain view in the house being searched; he challenges the sufficiency

of the warrant which authorized the officer to make *any* search of the premises.

6. SMITH–CORONA ELECTRIC TYPEWRITER
7. TWO (2) BROWN WOODEN LAMPS
8. TEXAS INSTRUMENT DESK CALCULATOR
9. ADD 2000 REAL ESTATE RE-CORDER PHONE TYPE COMPUTER
10. RECORDER PLAY BACK FOR PHONE MESSAGES XL 6000a
11. MULITI LIST TERMINAL COMPUTER (REAL ESTATE)
12. ONE COM–KEY DESK PHONE"

■ Since the affidavit contains sufficiently specific information to satisfy any constitutional particularity requirement, evidence obtained in the resulting search need not be suppressed simply because the warrant itself is in more general terms. *See People v. Del Alamo,* Colo., 624 P.2d 1304 (1981); *People v. Maes,* 176 Colo. 430, 491 P.2d 59 (1971); *People v. Salazar,* 39 Colo. App. 409, 568 P.2d 101 (1977). Also, here the affidavit was referred to in the warrant. Additionally, since the warrant was executed by Mullins, the one who had signed the affidavit and who knew what to look for, there was no occasion for concern that the officer would be misled by the description in the warrant.

Defendant argues that, even if the affidavit was sufficiently specific to satisfy the constitutional particularity requirements, absent a showing that the affidavit and warrant were attached together so as to form one document, the affidavit cannot cure deficiencies in the description of the goods listed in the warrant. We disagree.

There is nothing in the record to indicate whether Officer Mullins had a copy of the affidavit in his possession at the time he executed the warrant, or whether a copy was attached to the copy of the warrant served on defendant at that time. However, even if we assume, *arguendo,* that defendant was not given a copy of the affidavit, that does not render the search invalid.

■ The person from whom the property is taken is to be given a copy of the warrant and a receipt for the property seized. Crim.P. 41(d)(5)(V). But, there is nothing in the rules of criminal procedure, nothing in the statutes pertaining to searches and seizures, § 16–3–301, et seq., C.R.S.1973 (1978 Repl.Vol. 8), and nothing in the federal or state constitutions which requires that such person must receive a copy of the affidavit or that a copy thereof must be attached to the copy of the warrant which is served at the time of the search.

Defendant has cited no Colorado case law establishing such a service or attachment requirement, and we have found none. To the contrary, *People v. Leahy,* 173 Colo. 339, 484 P.2d 778 (1970), holds that a warrant is not rendered defective if the contents of the affidavit are not included in, or a copy of the affidavit is not attached to, the warrant.

■ Under the circumstances of this case, it would be putting form over substance to apply the exclusionary rule merely because the officer executing the warrant may not have had a copy of the affidavit in his possession when he searched the home or because a copy of the affidavit may not have been furnished to, or attached to, the copy of the warrant given the person whose home was searched. This we decline to do.

Since we have decided this case on the basis that the search warrant was not defective, we do not address the issues raised in *People v. Stoppel,* Colo., 637 P.2d 384 (1981), *People v. Banks,* Colo.App., (No. 79CA1070 announced May 27, 1982), and *United States v. Williams,* 622 F.2d 830 (5th Cir. 1980), and in other recent cases, concerning applying the exclusionary rule when police officers in good faith execute a judicially approved search warrant later challenged for insufficiently meeting the requirements for a valid warrant.

Judgment affirmed.

ENOCH, C.J., concurs.

KELLY, J., dissents.

KELLY, Judge, dissenting.

I respectfully dissent. While I agree with the majority that there was probable cause for issuance of the warrant, I disagree with the majority's conclusion that Detective Mullins was not required to have the affidavit in his possession when he executed the warrant.

It is clear to me, and apparently to the majority also, that this is an impermissibly general search warrant. It directed Detective Mullins to search for "electronic computers, calculators, lamps, [vacuum] cleaner, phone recorders." Nothing in the warrant identifies the items by brand name, serial number, color, size, or any other identifying detail. Hence, the warrant is invalid on its face because it does not particularly describe the things to be seized. *People v. Lindholm,* 197 Colo. 270, 591 P.2d 1032 (1979); *People v. Schmidt,* 172 Colo. 285, 473 P.2d 698 (1970).

I also agree with the majority that the affidavit contains sufficiently specific information to satisfy the particularity requirement of the Fourth Amendment. However, only when two requirements have been satisfied can a defective search warrant be cured by a specific affidavit. "First, the affidavit and the search warrant must be physically connected so that they constitute one document; and second, the search warrant must expressly refer to the affidavit and incorporate it by reference using suitable words of reference." *Bloom v. State,* 283 So.2d 134 (Fla.App.1973); *United States v. Ortiz,* 311 F.Supp. 880 (D.Colo.1970), aff'd, 445 F.2d 1100 (10th Cir.), cert. denied, 404 U.S. 993, 92 S.Ct. 541, 30 L.Ed.2d 545 (1971).

While it is true that, here, the warrant adequately refers to the affidavit, nevertheless, the failure to have the affidavit available, together with the warrant, for the edification of the homeowner is a fatal defect. "The requirement that the affidavit be attached to or inserted in the warrant is not mere formality. It makes the affidavit of probable cause immediately available to the person whose premises are entered, and explains to him at the outset the reason for this intrusion on his privacy. And it avoids any possible claim or suspicion by the citizen involved that the affidavit later located in the official file was inserted after the fact of the search." *Moore v. United States,* 461 F.2d 1236 (D.C.Cir.1972). Although that court was interpreting a statute which requires the affidavit to be annexed to the warrant, *compare* D.C.Code § 23–301 *with* § 16–3–303(2), C.R.S.1973, the statute merely codifies the purpose of the Fourth Amendment, namely, the protection of the homeowner.

A homeowner who is presented with a warrant which is invalid on its face is not obliged to permit the police to enter and search, and the majority acknowledges that the homeowner must be given a copy of the warrant. Crim.P. 41(d)(5)(V). Nonetheless, the majority holds that there is no constitutional requirement that the homeowner receive a copy of the affidavit or that the affidavit be attached to the warrant. In my view, a general warrant, unaccompanied by the specific affidavit, is as constitutionally defective as a blank warrant. Far from elevating form over substance, the requirement of accompaniment guarantees the homeowner the protection of a complete, valid warrant.

According to the majority, the Supreme Court, in *People v. Leahy,* 173 Colo. 339, 484 P.2d 778 (1970), held that a warrant was not defective if the contents of the affidavit were not included in the warrant or a copy of the affidavit is not attached to the warrant. However, in *Leahy,* the warrant was not impermissibly general. It was a valid warrant which requires no attachment. Since the warrant in this case is insufficient on its face, the holding in *Leahy* is inapposite. The majority's reliance on *People v. Del Alamo,* Colo., 624 P.2d 1304 (1981), *People v. Maes,* 176 Colo. 430, 491 P.2d 59 (1971), and *People v. Salazar,* 39 Colo.App. 409, 568 P.2d 101 (1977) is misplaced. The issue of accompaniment was not addressed in those cases.

I cannot agree, as the majority suggests, that, "since the warrant was executed by Mullins, the one who had signed the affida-

vit and who knew what to look for, there was no occasion for concern that the officer would be misled by the description in the warrant." Even an affiant cannot be expected to remember detailed descriptions of multiple items. But, even if it be assumed that the officer knows what to look for, how does the homeowner find out what the officer is looking for? In my view, when the constitutionality of a search depends on a valid warrant, and the warrant is valid only when supported by a sufficiently specific affidavit, the affidavit must accompany the warrant when the officer appears at the homeowner's threshold. *See State v. Woratzeck,* 130 Ariz. 499, 637 P.2d 301 (Ariz.App.1981).

The record of the hearing on defendant's motion to suppress does not disclose whether Detective Mullins had both the warrant and the affidavit in his possession for the homeowner's inspection when he searched the Papez home, and the trial court made no findings on the issue. It cannot be presumed that both documents were in his possession. This is not a matter for judicial notice. Since it was necessary that the People prove that Detective Mullins had both documents in his possession at the time of the search, the trial court erred in denying the defendant's motion to suppress.