Robert J. Trainor, J.
The defendant was indicted by the Grand Jury of Westchester County for the crime of feloniously buying and receiving stolen property consisting of household furniture and household goods allegedly owned by W. & J. Sloane, Inc., a domestic corporation having a place of business in White Plains, N. Y. Upon the affidavit of William Baker (therein described as general manager of W. & J. Sloane Clearance Center, 29 W. Post Road, White Plains, N. Y.) a search warrant was issued by the City Judge of White Plains, commanding a search of “ premises located at 200 Palmer Avenue, Mamaroneck, N. Y., residence of Michael Colletti [sic] ’ ’. The warrant was executed, many items of furniture and household goods were seized, a receipt therefor was given to Mr. Coletti, and a return was made to the City Judge.
The defendant has moved this court for the following relief: 1. To suppress the evidence seized as being the fruits of an unlawful search and seizure under an invalid warrant; 2. For inspection of the Grand Jury minutes; 3. For a bill of particulars setting forth, (a) the exact time and place of the alleged acts; (b) an exact description of each and every item allegedly purchased by defendant and its value; and, (c) the basis of the allegation in the indictment that the defendant knew said property was stolen. We will dispose of these requests in inverse order.
The defendant is not entitled to be advised by the District Attorney of his theory of his proof and/or the proof itself (People v. Spina, 14 A D 2d 505). The request for this relief is denied.
The defendant is entitled to know what articles he is alleged to have bought or received. The receipt furnished to the defendant, for the articles seized, may only partially satisfy this requirement; the People may intend to charge that additional items are involved. The request for the bill of particulars, including the value of the items, is granted.
*582 The defendant is also entitled to know where and when the acts are alleged to have taken place. The District Attorney is directed to furnish the particulars as to the place or places the acts took place, and the dates insofar as possible, otherwise the approximate dates.
Defendant’s moving papers fail to set forth any facts which would overcome the presumption that the indictment was found upon legal and sufficient evidence and an inspection of the Grand Jury minutes is therefore denied. (People v. Howell, 3 N Y 2d 672.)
The question of the validity of the search warrant is the most serious. Section 793 of the Code of Criminal Procedure provides : . “ A search warrant cannot be issued, but upon probable cause, supported by affidavit, naming or describing the person, and particularly describing the property, and the place to be searched” (emphasis supplied). The affidavit of William Baker, on which the warrant was predicated, stated that the deponent has information based upon ‘ ‘ statements of admission attached by David Dingle, and Michael Kroeger, to wit: admission of grand larceny and sale of same to Michael Coletti.” (Emphasis supplied.) There is no 61 statements of admission ” or any other statement of David Dingle attached to Baker’s affidavit, and, “ the sale of same,” referring to grand larceny, fails to make sense. There is an affidavit, attached to Baker’s affidavit, sworn to by Michael Kroeger, who states that he (Kroeger), on different occasions, participated in the unlawful sale to Michael Coletti of a “ Drexel Campagna ” bedroom set; a “ Thomasville ” dining room set; two lamps; and “ various articles.”
Section 797 of the Code of Criminal Procedure delineates the substance of the search warrant. In a blank space in the form, left for that purpose, appear the words: 1 ‘ describe property.” I am impelled to assume that this means to describe the property as it is set forth in the affidavit which supports the issuance of the warrant. In this case that was not done. The only language the warrant contains which purports to describe the property is: ‘ ‘ furniture and household goods being the true property of W. & J. Sloane Corp.”. Surely it will not be argued that had the affidavit referred to the stolen property merely as “ furniture and household goods,” and nothing more, that a warrant would have been issued. There is no claim that the search of the defendant’s premises was incident to a lawful arrest, so the issue stands or falls on the validity of the search warrant. Section 813-c of the Code of Criminal Procedure was enacted into law in 1962 and, because *583 of its recent origin, has not produced much case law. We can find no decisions that specifically define the words ‘1 particularly describing the property.” Webster defines the word 1 ‘ particular ” as: “ distinct from others; individual; peculiar or special; characteristic; exclusive; exact; minute; distinct, singular, odd, strange.” The suffix “ ly ” added to the word “particular”, means “like or pertaining to.” In courts of other jurisdiction, and in the Federal courts, some case law is available. The leading case is Marrone v. United States (275 U. S. 192), although not exactly in point, furnishes some interesting dicta. In that case, Justice Butler, writing for the Supreme Court of the United States, said (p. 196): “ The requirement that warrants shall particularly describe the things to be seized makes general searches under them impossible and prevents the seizure of one thing under a warrant describing another. As to what is to be taken, nothing is left to the discretion of the officer executing the warrant.”
In our opinion the description in the warrant of the property to be seized was much too general and woefully inadequate. As was noted in discussing Kroeger’s affidavit, very specific descriptions were available for inclusion in the warrant in lieu of the broad generalization used. In fact the receipt given to the defendant for the articles seized describes most of them by name or other exact description. Among the articles seized, under the broad general description of ‘ ‘ household goods” were bed spreads and bed sheets. Surely it is possible that these same articles are sold by other retailers than W. & J. Sloane and would have to be more particularly identified. For the foregoing reasons we hold the search warrant herein to be invalid rendering the resultant search illegal. The items seized under this invalid warrant are suppressed as evidence. In view of the fact that the defendant was not given notice of a hearing held in April, 1963, for permission to deliver the seized property to the custody of W. & J. Sloane, Inc., the order of this court dated April 17, 1963, directing the delivery of said articles to W. & J. Sloane, is hereby vacated. Title to the seized property will not be determined in this criminal proceeding. The parties are relegated to their civil remedies. (People ex rel. Simpson Co. v. Kempner, 208 N. Y. 16; People v. Walker, N. Y. L. J., June 6, 1962, p. 17, col. 7 [Westchester County Ct.].)