■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH MACK RICHARDSON, Appellant.— Judgment of the Supreme Court, Queens County, rendered May 12, 1967, reversed, on the law and in the interests of justice, and new trial ordered. The findings of fact below are affirmed. Appellant stands convicted of feloniously selling a narcotic drug and unlawfully possessing a narcotic drug. The indictment charged that these crimes occurred on or about August 1, 1966 in Queens County. Prior to trial, appellant moved for a bill of particulars demanding, *inter alia*, specification of the exact time and place of commission of the crimes charged. In our opinion, the trial court's denial of this information was an abuse of discretion, especially since appellant contemplated an alibi defense and the People demonstrated no prejudice which might result from its disclosure (*People* v. *Ricci*, 59 Misc 2d 259; *People* v. *Coletti*, 39 Misc 2d 580; *People* v. *Kamps*, 4 Misc 2d 518). We also think it was error to receive testimony by the sole identification witness, an undercover police officer, that he had previously identified appellant from a photograph (cf. *People* v. *Caserta*, 19 N Y 2d 18). The danger, of course, is that the jury may have inferred that appellant had been in trouble with the law before, especially as he failed to take the witness stand. Although that testimony was first inadvertently elicited on cross-examination, the prosecutor's and the trial court's continued references to the prior photographic identification, together with the trial court's failure to caution the witness against volunteered, unresponsive answers and to instruct the jury to disregard such testimony, so

enhanced its potential for prejudice to appellant that reversal is required (cf. *People* v. *Beyer*, 25 N Y 2d 833). Christ, Brennan, Rabin and Kleinfeld, JJ., concur; Beldock, P. J., dissents and votes to affirm the judgment, with the following memorandum: The motion for a bill of particulars was made on March 22, 1967 and the trial started on March 27, with a weekend intervening. It is understandable, therefore, that the motion was decided on the day of trial, the trial court calling to the attention of assigned counsel that he had represented defendant since his arraignment on December 19, 1966 and that on March 15, 1967, the last adjourned date, he was informed that the trial would proceed on March 27. At that posture the disclosure of the particulars sought was, in any event, imminent and actually did occur at the outset of the People's case. Moreover, although the trial proceeded for two days, defendant made no attempt to present an alibi. Nor did he profess to actually have one or seek additional time to pursue it at the end of the trial. The thrust of counsel's argument, even when he requested adjournments prior thereto, was that he wished an opportunity to ascertain if defendant could establish an alibi. Nor does he claim even at this posture that he actually had such an alibi. Under the circumstances, I question the *bona fides* of defendant's claim in this respect and I fail to see that any substantial prejudice was engendered by the trial court's refusal to compel disclosure at the point that it was sought. Nor did such refusal, in my opinion, constitute such an abuse of discretion as to be tantamount to a denial of due process and to mandate reversal of an otherwise sustainable verdict. As for the testimony with respect to a prior identification of defendant by photograph, I do not agree with what I consider to be the majority's light treatment of the fact that this testimony was elicited on cross-examination by defense counsel. This fact significantly distinguishes the situation at bar from the one in *People* v. *Caserta* (19 N Y 2d 18), which reflects a consensus of decisions condemning such testimony as reversible error. Even though counsel did not anticipate the reference to the photograph by the witness, the fact remains that it was elicited when the witness was asked how many times he had seen defendant. In my opinion, the witness' answer that he had seen defendant twice, i.e., once in a photograph and again when he was arrested, was responsive even though it brought out a fact which, if intentionally adduced by the People, would concededly have constituted prejudicial error. It was not until counsel persisted in asking the witness how many times he had seen defendant *in person* that the witness' answer, again referring to the photograph, became unresponsive. At that point the fact that defendant had been once identified in a photograph was already before the jury and this fact was even further implanted in the jury's minds by counsel's emphasis on the in-person identification vis-à-vis the photographic identification. Moreover, counsel's objection to the first answer was that it was not responsive — not that the reference to the photograph was improper; nor was the trial court requested at that point to direct that the answer be struck out or that the jury be instructed to disregard this reference. While the court could have on its own admonished the witness at that posture, there is nothing which reflects that the court would have refused to do so had the request been made. Significantly, all of the foregoing occurred without the People in any way contributing thereto. Accordingly, the situation at bar does not fall into a factual pattern so as to readily lend itself to the unequivocal application of the principles which condemn prior photographic identification testimony. All of the foregoing, together with (a) the fact that the witness' identification of defendant was under attack at the point when this testimony complained of was elicited (cf. *People* v. *Hagedorny*, 272 App. Div. 830) and (b) my opinion that the finding of reliability of the identification testimony, implicit in the jury's verdict, was adequately sustain-

able by the other evidence adduced, presents a totality of factors which render the prejudice attributed by the majority to the trial court's treatment of the photo-identification testimony insubstantial and not persuasive of reversal.