No. 24800.

The People of the State of Colorado *v*. Terry L. Peppers
and Nora H. Hopkins.
(475 P.2d 337)

Decided September 28, 1970.

JAMES D. McKEVITT, District Attorney, Second Judicial District, GREGORY A. MUELLER, Assistant, JARVIS W. SEC-COMBE, Chief Deputy, EDWARD A. SIMONS, Deputy, for plaintiff-appellee.

ALPERSTEIN and PLAUTT, P.C., for defendant-appellant Terry L. Peppers.

EARL S. WYLDER, Assistant Public Defender, for defendant-appellant Nora H. Hopkins.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

THIS is an interlocutory appeal from a decision of the district court of the City and County of Denver denying a motion to quash a search warrant and to suppress as

558

evidence the articles recovered by means of the resultant search and seizure.

Defendants Peppers and Hopkins were arrested and charged with unlawful possession of narcotic drugs (C.R.S. 1963, 48-5-2) and conspiracy to possess narcotic drugs (C.R.S. 1963, 40-7-35). The search made by the officers pursuant to the search warrant resulted in the seizure of quantities of marijuana, hashish, and various implements associated with the use of these drugs.

Defendants contend: I. That the affidavit for the search warrant did not establish probable cause for the issuance of the warrant; II. That the warrant does not adequately describe the premises to be searched; III. That there is a variance between the description of the premises to be searched as set forth in the affidavit and that found in the warrant itself that makes the warrant defective.

Following the evidentiary hearing, the trial court ruled that there was probable cause to issue the warrant, and that the warrant was sufficient on its face. We hold the trial court ruled correctly.

I.

The first argument deals with the assertion that the affidavit for the search warrant did not state probable cause for the issuance of the warrant.

Defendants allege that the affidavit was deficient in that it did not indicate that the informant characterized as "reliable" was the person who saw the LSD and marijuana being sold; and further that the affidavit did not aver that the so-called "reliable informant" had any personal knowledge that what he saw was in fact LSD and marijuana. Defendants conclude that the real informant must have been one Claud Johnson and that his reliability has not been established as required by law.

The requirement that a search warrant issue only upon a showing of probable cause was recently affirmed by this court in the case of *People v. Baird,* 172 Colo. 112, 470 P.2d 20, in which was set forth the standards

found in *Aguilar v. Texas,* 378 U.S. 108, 84 S. Ct. 1509, 12 L. Ed. 2d 723. It was therein stated:

"* * * [T]he magistrate can make a finding of probable cause only with some knowledge of the underlying circumstances upon which the informant based his information and some of the underlying circumstances from which the officer concluded that the informant was credible or his information reliable." *Baird, supra.*

■ The affidavit could have been more detailed in demonstrating the reliability of the informer, but we hold, nevertheless, that it was adequate to establish probable cause. It states that the informant has "given information in the past that has resulted in narcotics seizures and arrests," and further recites that the informant "reported to me on 2/18 [the same day the affidavit was presented to the judge] that he has just left this location and observed the described narcotics."

A fair reading of these statements compels us to conclude that the informant was personally aware of the location and the identity of the narcotics. Additional details such as identifying by name (Claud Johnson) the person who led the informant to the location of the narcotics constitutes examples of that type of essential information that allows the judge who issues the warrant to determine (as required by *Aguilar*) the underlying circumstances from which the officer who signs the affidavit concluded that the narcotics were on the premises.

II.

■ The question presented under this argument is whether the search warrant adequately describes the premises to be searched.

Crim. P. 41(c) provides in part for the issuing of a search warrant "* * * identifying the property and naming or describing the person or place to be searched * * * It shall command the officer to search forthwith the person or place named for the property specified." Defendants allege that the description found within the

search warrant is insufficient in that it does not indicate where the door to the apartment in question was located and, with no apartment number given in the warrant, a person unacquanted with the building could not tell from an examination of the hallway which apartment extended to the southeast corner of the second floor.

The description of the premises contained in the search warrant is as follows: "1537 Vine St. (Second Floor apt. first one on the left hand side (SE corner) [sic]."

This description is sufficient in that any person, upon being presented with the warrant, would have known immediately in which apartment the search was authorized. It seems unrealistic to require the technicality of indicating the number of the apartment to be searched when the location is otherwise indicated with reasonable specificity. *See Steele v. United States,* No. 1, 267 U.S. 498, 45 S. Ct. 414, 69 L. Ed. 757.

### III.

 The final question is whether there is a variance between the description of the premises to be searched as set forth in the affidavit and that found in the warrant that makes the latter defective.

The descriptive words "first one" set forth in the search warrant are not found in the affidavit. Defendants contend that since the description in the affidavit limits and controls the description in the warrant, a variation such as is found here renders the warrant void. *See State v. Constanzo,* 76 Idaho 19, 276 P.2d 959; and *People v. Coletti,* 39 Misc. 2d 580, 241 N.Y.S. 2d 454.

That there exists a variation between the two descriptions does not in itself render the warrant invalid, unless the variance is material. In the instant case, even with the words "first one" deleted, the warrant describes the premises to be searched with "sufficient particularity to allow the officer to conduct a reasonable search." *Hanger v. United States,* 398 F.2d 91, citing *Steele v. United States, supra.*

A slight variation from the description in the affidavit

will not affect the validity of a search warrant as long as the remainder of the descriptive language adequately identifies the premises to be searched.

The order denying the motion to quash and suppress is affirmed.