No. 25150.

The People of the State of Colorado *v*.
Cindy Thorne Clark.
(488 P.2d 565)

Decided September 7, 1971.

STANLEY F. JOHNSON, RALPH S. JOSEPHSOHN, for plaintiff-appellee.

ROBERT BRUCE MILLER, for defendant-appellant.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

THIS is an interlocutory appeal brought by Cindy Thorne Clark, hereinafter referred to as the defendant, from an adverse ruling in the trial court on her motion

to suppress evidence which she alleged was seized in violation of her constitutional rights.

The only question before us is whether the affidavit used in support of this search warrant was sufficient to establish probable cause for the issuance of the warrant. Defendant attacks the affidavit's validity on two grounds: (1) That the unnamed informant's reliability is not adequately set forth for the magistrate's determination, and (2) that the affidavit is so poorly drafted that it is impossible for the magistrate to tell which of two informants is being referred to in which paragraph, and what information each actually supplied. We are of the opinion that the affidavit is sufficient, and accordingly, we affirm.

I.

 As a basis for determining the sufficiency of affidavits which rely on informers' tips, two fundamental tests are laid down by the cases emanating both from our Court and the United States Supreme Court. First, there must be underlying facts stated in the affidavit upon which the issuing magistrate could exercise his judgment as to whether there were reasonable grounds to believe illegal activity was being carried on in the place sought to be searched; and second, there must be statements in the affidavit upon which the issuing magistrate can exercise his judgment as to whether the informer is credible, or the information reliable. *People v. Brethauer,* 174 Colo. 29, 482 P.2d 369; *People v. MacDonald,* 173 Colo. 470, 480 P.2d 555; *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637; *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723.

 The flat statement of the informant that he was in the room to be searched and there personally saw 20 bags of heroin unequivocally meets the first prong of the *Aguilar-Spinelli* test. *People v. MacDonald, supra.* There is nothing left to speculation as to how the informant knows the illegal activity is taking place.

We must then turn to the question posed by the sec-

ond prong of *Aguilar-Spinelli, i.e.,* are there sufficient *facts* alleged upon which the magistrate can make the determination that the informant is credible or his information reliable? The case at bar involves the use of a first-time informer, and the guidelines for such a situation are laid down in this state in *People v. MacDonald, supra.* There we said that there were means of qualifying an informant as reliable other than that he had previously given reliable information. To hold otherwise would be to discredit substantial citizens of a community who feel it their duty to report criminal activity. *People v. Glaubman,* 175 Colo. 41, 485 P.2d 711. This pholosophy has been strengthened by *United States v. Harris,* 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723.

In *MacDonald,* we pointed out at least two ways to test reliability other than previous information: (1) where the information possessed by the informer was in such detail that it clearly manifested its reliability and (2) by use of independent collateral information.

In the affidavit before us, some corroboration is furnished by a second unnamed informant. While the statement of the second informant could not of itself establish probable cause, it can be used to lend credence to the information furnished by the first informant. When two informants, independently of one another, give the same information to the police, there are grounds present which a magistrate may use in his determination of the reliability of the information.

Other corroboration is furnished in this affidavit by statements of independent collateral information given the police officers by the informant. As in *MacDonald,* the informant supplied information concerning narcotics traffic in the area which checked with information in the police file and indicated that informant was reliably knowledgeable about such narcotics traffic. We hold that the corroborating information in the affidavit was sufficient to permit the magistrate to determine that the informer was reliable.

## II.

■■ Defendant argues that the use of two unnamed informers interspersed throughout this affidavit renders the affidavit so imprecise and vague that it cannot be held to have properly informed the magistrate. We disagree. Courts have held so often that it no longer requires citation of authority that affidavits are not writing contests, and must not be judged grudgingly or with a negative attitude lest we discourage the police from seeking warrants in the first place. It appears clear to us as it did to the magistrate and the trial court that the language up through the first three paragraphs of the affidavit refers to the first informant, and the language in the last two paragraphs refers to the second, corroborating informant. We cannot see how this affidavit could have confused a magistrate to the point he would likely misunderstand the allegations before him.

The ruling of the trial court is affirmed.

MR. JUSTICE DAY and MR. JUSTICE HODGES not participating.