## No. 25842

The People of the State of Colorado v. Mark A. Ward, Susan Jones, and John Marshall

(508 P.2d 1257)

Decided April 16, 1973.

Jarvis W. Seccombe, District Attorney, Dale Tooley, District Attorney, Frederic B. Rodgers, Deputy, Brooke Wunnicke, Deputy, for plaintiff-appellant.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Stephen C. Rench, Deputy, for defendants-appellees.

MR. JUSTICE GROVES delivered the opinion of the Court.

This is an interlocutory appeal by the district attorney pursuant to C.A.R. 4.1 (as amended on April 1, 1971), from a ruling of the district court granting the defendants' motion to suppress evidence.

On the basis of a single affidavit relating information

provided in large part by an unidentified informant, separate search warrants were issued for 1377 Ogden Street, Apartment #B and 930 E. 14th Avenue. Both addresses are located in the basement of the same building. Following execution of the warrants, the three defendants were charged with possession of marijuana and conspiracy to possess marijuana.

The defendants moved to suppress evidence seized during the search conducted pursuant to the warrants on the ground that the affidavit in support of the warrants failed to inform the magistrate as to the specific apartment in which the informant had seen marijuana. The only statement in the affidavit relating specific information as to when and where the informant had seen marijuana read as follows:

"On 10-3-72 my informant was present inside the residence 1377 Ogden st. apartment #B and 930 E. 14th ave. and did observe (sic) a quantity of narcotics marijuana in plastic baggies."

The district court ruled that the evidence should be suppressed, apparently on the ground that the above-quoted statement did not sufficiently identify the specific apartment in which the informant had seen marijuana. We reverse.

I.

The first "prong" of the *Aguilar-Spinelli* test for determining probable cause for issuance of a search warrant based on information provided by an unidentified informant is that the affidavit in support of the warrant must allege facts from which the issuing magistrate can independently determine whether there is probable cause to believe that illegal activity is being carried on *in the place to be searched. Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); and *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). Personal observation by an informant of the objects of the search within the place to be searched satisfies the first prong of the test. *People v. Peschong,* 181 Colo. 29, 506 P.2d 1232; *People v. Clark,* 175 Colo. 446, 488 P.2d 565 (1971); and *People v. MacDonald,* 173 Colo. 470, 480 P.2d 555 (1971).

The People argue that the first prong of the *Aguilar-Spinelli* test was satisfied by the above-quoted sentence in the affidavit: (1) because the plain meaning of the sentence is that the informant personally saw marijuana in both apartments; or (2) because the two apartments were in reality one commonly occupied residence.

We cannot agree with the People that the "plain meaning" of the sentence is that the informant saw marijuana in both apartments. The lack of clarity in the meaning of the sentence was pointed out by the district court which stated that "the informant advised the officers that he was in the residences and somewhere within them, one of the two or both, or one or the other, I'm not sure. . . ." In support of their "plain meaning" argument, the People cite *People v. Clark,* 175 Colo. 446, 488 P.2d 565 (1971) and *People v. MacDonald,* 173 Colo. 470, 480 P.2d 555 (1971). Neither case is factually similar to this case. In both *People v. Clark, supra,* and *People v. MacDonald, supra,* only one location was involved and there was no question as to the specific location where the informant saw the drugs.

II.

We do agree with the People that the above-quoted sentence in the affidavit would satisfy the first prong of the *Aguilar-Spinelli* test if the two addresses were, in reality, one commonly occupied residence. *Cf. People v. Alarid,* 174 Colo. 289, 483 P.2d 1331 (1971). The district court made no finding in this regard and it is not clear whether this argument was even made to the court.

We hold that the affidavit does show a common occupancy. The affidavit stated that the informant said that the two addresses are located in the basement of a single building; that all of the doors in the basement were open; that there were no numbers or letters on the doors; and that the parties named in the affidavit are "living and sleeping in each of the apartments." Officers who had previously executed a warrant at 1377 Ogden Street, Apartment #B, related that there were no numbers or letters on the doors in the basement and that there were no locks on the doors.

On the assumption that the "common occupancy" argument was not made to the trial court at the suppression hearing, we believe that fairness to the defendants requires that they be given an opportunity to introduce refuting evidence on the subject. If the district court finds that the premises were in reality a single commonly occupied residence, then it must deny the defendants' motion to suppress. Otherwise, the granting of the motion should stand.

III.

■ The defendants here argue that, even if the affidavit does satisfy the first prong of the *Aguilar-Spinelli* test, the second prong was not satisfied — *i.e.,* the affidavit failed to set forth sufficient facts to allow the magistrate to determine independently whether the informant was credible or his information reliable. *People v. Peschong, supra.* We disagree.

The affidavit included a statement by the affiant police officer that information provided by the informant had proven reliable on "at least 2 recent past occasions which resulted in narcotics arrests and seizures . . . ." In *People v. Peschong, supra,* we held that the reliability of the unidentified informant had not been established by, among other things, a statement in the affidavit that the "informant has given reliable information on at least 3 prior occasions." In *Peschong,* we stated that the affidavit might have indicated the nature of the information previously given by the informant and whether such information led to arrests or convictions or otherwise proved to be true. In this case, the affidavit did indicate that previous information supplied by the informant had led to narcotics arrests and seizures. We view the statement in this affidavit to be sufficient to establish the reliability of the informant. *People v. Peppers,* 172 Colo. 556, 475 P.2d 337 (1970); and *People v. Schmidt,* 172 Colo. 285, 473 P.2d 698 (1970).

The ruling is reversed and the cause remanded for proceedings consonant with the views expressed herein.

MR. JUSTICE DAY, MR. JUSTICE LEE and MR. JUSTICE ERICKSON dissent.

MR. JUSTICE ERICKSON dissenting:

I respectfully dissent. An examination of the affidavit and search warrants unequivocally shows that there were two apartments and that the police knew that there were two apartments. In executing an earlier search warrant at 1377 Ogden Street, Apartment B, the police noted that there were two separate apartments. Therefore, in this instance the police sought and obtained two warrants, one for each address. Reference was made in several places in the affidavit to 1377 Ogden Street, Apartment B, and 930 East 14th Avenue. The affidavit also clearly indicates who the occupants were of each apartment. In view of the clear recognition that two separate apartments existed, the need for two separate warrants cannot be disputed. *People v. Alarid*, 174 Colo. 289, 483 P.2d 1331 (1971); *People v. Avery*, 173 Colo. 315, 478 P.2d 310 (1970). Moreover, the sufficiency of each of the warrants had to be determined on the basis of the affidavit. It cannot be disputed that probable cause must exist and must be shown before a search warrant can issue to search either or both of the two apartments. *United States v. Hinton*, 219 F.2d 324 (7th Cir. 1955); *State v. Ferrari*, 80 N.M. 714, 460 P.2d 244 (1969).

The majority opinion overlooks obvious deficiencies in the affidavit. The affidavit first refers to the informant who allegedly saw marijuana in both apartments, but the first statement contains no reference as to the time when the marijuana was seen and, therefore, does not establish probable cause. *Sgro v. United States*, 287 U.S. 206, 53 S.Ct. 138, 77 L.Ed. 260 (1932); *Rosencranz v. United States*, 356 F.2d 310 (1st Cir. 1966).

The affidavit is also deficient in meeting constitutional standards, because no source is set forth for some of the information which is relied upon to establish probable cause. A second statement attributed to an informant established that a quantity of marijuana in plastic baggies was seen in the apartments, but the affidavit does not disclose where or in which apartment the plastic baggies containing marijuana were seen. Probable cause to search both apartments cannot be predicated upon an informant's observation of contraband

in one of the apartments. *Moore v. United States,* 461 F.2d 1326 (D.C. Cir 1972).

The determination of probable cause must meet the two-prong test set forth in *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and *People v. Brethauer,* 174 Colo. 29, 482 P.2d 369 (1971). The affidavit does not measure up to constitutional standards. Had the judge who issued the warrant merely asked where the marijuana was seen, the error could have been cured by amendment of the affidavit.

The duty cast upon the judge who issues a warrant is often overlooked. For the guidance of judges who are called upon to issue a search warrant, we offer the following reminder:

"3.1 *Issuance or review of warrants.*

"Whenever a trial judge is called upon to issue a warrant for arrest or for search, or to review the issuance of such a warrant or the execution thereof, he should carefully observe constitutional and statutory norms and not permit these procedures to become mechanical or perfunctory . . . ." [*American Bar Association Standards for Criminal Justice Relating to The Function of the Trial Judge.*]

In *Camara v. Municipal Court,* 387 U.S. 523, 87 S.Ct. 1727, 18 L.Ed.2d 930 (1967), the Court said:

"[I]n a criminal investigation, the police may undertake to recover specific stolen or contraband goods. But that public interest would hardly justify a sweeping search of an entire city conducted in the hope that these goods might be found. Consequently, a search for these goods, even with a warrant, is 'reasonable' only when there is 'probable cause' to believe that they will be uncovered *in a particular dwelling.*" [Emphasis added.]

A warrant could properly have been issued to search for marijuana in the apartment where it was seen by the informant, but not elsewhere.

The trial court has determined that there were two apartments, and the trial court's finding is binding upon us. *United States v. Hinton, supra; Keiningham v. United States,* 287 F.2d 126 (D.C. Cir. 1960). The trial court found:

"Specifically, the court's concern, and based upon which the court makes its ruling, is that in the second paragraph of this information (affidavit) there is the statement that the informant advised the officers that he was in the residences and somewhere within them, one of the two or both, or one or the other, I'm not sure, but he did observe some quantity of narcotics. And the court does not find that that is specific enough to have substantiated the necessary underlying circumstances which would have given rise to probable cause for the issuance of the search warrant. Accordingly, the motion to suppress is granted."

Accordingly, I would sustain the ruling of the trial court.

MR. JUSTICE DAY and MR. JUSTICE LEE have authorized me to say that they join me in this dissent.