No. 25860

**The People of the State of Colorado v.
Clarence Arnold and Hubert Steed**

(509 P.2d 1248)

Decided May 21, 1973.

Dale Tooley, District Attorney, Brooke Wunnicke, Chief Appellate Deputy, for plaintiff-appellant.

Dennis R. Wanifuchi, P.C., for defendants-appellees.

MR. JUSTICE GROVES delivered the opinion of the Court.

This is an interlocutory appeal by the district attorney pursuant to C.A.R. 4.1, as amended, from a ruling of the district court granting the defendants' motions to suppress evidence.

On the basis of a single affidavit, separate search warrants were issued for each of the defendants' apartments located in a Denver apartment building at 2018 Ogden Street. Following the execution of the warrants, the defendants were each charged with possession of narcotic drugs for sale, possession of dangerous drugs for sale, possession of narcotic drugs, possession of dangerous drugs, and conspiracy to possess

narcotic and dangerous drugs for sale and to possess narcotic and dangerous drugs. (The conspiracy charges were later dismissed.) They moved to suppress evidence seized during the search of their apartments on the ground that there was no probable cause for issuance of the warrants. We affirm the court's order granting the motion.

In pertinent part the affidavit related that the informant told the affiant police officer that the defendants and others were in possession of a quantity of marijuana and "speed"; that the informant had "observed four pounds of marijuana wrapped in newspaper and white powdered speed packaged in one ounce plastic baggies on 9-10-72 *at 2018 Ogden*"; that one of the defendants lived in the manager's apartment at 2018 Ogden and the other defendant lived in apartment No. 3 at 2018 Ogden; and that other unknown parties lived at 2018 Ogden in various other rooms. (Emphasis added.) The warrants issued on the basis of the information related in the affidavit authorized searches of the defendants' apartments at 2018 Ogden, specifically, the manager's apartment and apartment No. 3.

 It is clear from the affidavit, and the People apparently agree, that 2018 Ogden Street is an apartment building separately occupied by several persons. While more than one search warrant may be issued on the basis of a single affidavit, the affidavit must support a finding of probable cause *as to each separate warrant or each separate place to be searched. United States v. Bigos,* 459 F.2d 639 (1st Cir. 1972); and *United States v. Hinton,* 219 F.2d 324 (7th Cir. 1955). See *People v. Ward,* 181 Colo. 246, 508 P.2d 1257. The fact that the places to be searched here were apartments rather than single-family residences does not alter the rule. We have consistently held that apartment dwellers or roomers are entitled to the same constitutional protections against unlawful searches and seizures as persons living in single-family residences. *People v. Avery,* 173 Colo. 315, 478 P.2d 310 (1970).

 Although the affidavit related that the informant did observe marijuana and "speed" somewhere in the building at

2018 Ogden Street, we see nothing in the affidavit to indicate specifically where in that multiple-occupancy structure the drugs were located. This being so, the affidavit failed to relate sufficient facts from which the issuing magistrate could find probable cause to believe that the marijuana and "speed" were located within the places to be searched, *i.e.,* within each of the defendants' apartments. *People v. Ward, supra; Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); and *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964).

Ruling affirmed.

MR. JUSTICE ERICKSON does not participate.