### No. 25986

### The People of the State of Colorado v. Michael Wayne Harris, Susan Farley Harris
(510 P.2d 1374)

Decided June 18, 1973.

Stuart A. Van Meveren, District Attorney, Loren B. Schall, Assistant, Ronald L. Schultz, Chief Deputy, for plaintiff-appellant.

Lamm & Young, Robert J. Stemwedel, Jr., for defendants-appellees.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

This is an interlocutory appeal brought by the district attorney pursuant to C.A.R. 4.1, as amended, from a ruling of the district court granting the defendants' motion to suppress evidence.

On the basis of information supplied in large part by a confidential informant, a warrant issued for the search of premises located at 1405 Allison Drive, Loveland, Colorado. As a result of that search, the defendants were charged with possession of marijuana in an amount in excess of one-half ounce, in violation of C.R.S. 1963, 48-5-2 and 1971 Perm. Supp., C.R.S. 1963, 48-5-20. The defendants moved to suppress the evidence seized during the search on the ground that the affidavit in support of the warrant was insufficient to establish probable cause. The motion was granted by the trial court on the basis of our decision in *People v. Peschong,* 181 Colo. 29, 506 P.2d 1232 (1973). We believe the affidavit here differs significantly from the one disapproved in

*Peschong* and we therefore reverse the ruling of the trial court.

The affidavit in support of the search warrant reads, in pertinent part, as follows:

"1. That a confidential, reliable informant did advise the affiant, in person, that within the immediately prior forty-eight hours, the informant did personally see and observe a narcotic substance, commonly known as marijuana in the premises where a Mike Harris resides, such premises being a duplex located at Allison and Taft, Loveland, Colorado. The informant further advised the affiant that Mike Harris and his wife ('Farley') own a blue Volkswagon and an orange B.M.W.;

"2. That the informant has on a previous occasion within the last fourteen months supplied information to the affiant concerning the possession of marijuana; that such information proved reliable and accurate; and that such information resulted in the arrest and conviction of an individual for possession of narcotic drug. Further, that within the past twenty-four hours, the informant has supplied information to the affiant concerning the possession of marijuana; that such information proved reliable and accurate; and that such information resulted in the arrest of certain individuals and the seizure of a quantity of marijuana;

"3. That an officer of the Loveland, Colorado Police Department, on this date, did see a blue Volkswagon in the driveway of 1405 Allison Drive, Loveland, Colorado, with license No. SA 1261, Colorado. A check on this date, by the Loveland Colorado Police Department with the Colorado Motor Vehicle Division revealed that said license number listed to a Susan F. Harris at 1405 Allison Drive, Loveland, Colorado, on a 1969 Volkswagon. An officer of the Larimer County Colorado Sheriff's Office verified through the Colorado Motor Vehicle Division that a Michael W. Harris of 1405 Allison Drive, Loveland, Colorado had listed to him current license number SA 1112, Colorado, on a 1971 B.M.W., two door sedan.

"4. That the premises located at 1405 Allison Drive,

Loveland, Colorado is part of a duplex located at the corner of Allison Drive and Taft, Loveland, Colorado . . . ."

An affidavit based on information provided in large part by an unidentified informant must, in order to establish probable cause for issuance of a search warrant:

"(1) allege facts from which the issuing magistrate could independently determine whether there were reasonable grounds to believe that illegal activity was being carried on in the place to be searched; and (2) set forth sufficient facts to allow the magistrate to determine independently if the informer is credible or the information reliable." *People v. Peschong, supra.*

In the affidavit in this case, the affiant states that the informant personally observed marijuana in the premises to be searched. This statement is sufficient to permit the issuing magistrate to determine independently that there were reasonable grounds to believe that illegal activity was being carried on in the place to be searched. We have consistently held that personal observation by an informant of the objects of the search within the place to be searched satisfies the first part of the above-quoted test. *People v. Ward,* 181 Colo. 246, 508 P.2d 1257 (1973); and *People v. Peschong, supra.*

As to the second part of the test, *i.e.,* the reliability of the informant, we held in *People v. Ward, supra,* that the affidavit there related sufficient facts to permit a finding by the issuing judge that the informant was reliable. In *Ward,* the affidavit related that information provided by the informant had proven reliable on "at least 2 recent past occasions which resulted in narcotics arrests and seizures." Here the affidavit related in paragraph 2 that the informant had, within the past 14 months, supplied information which led to the arrest and conviction of an individual for possession of a narcotic drug and that the informant had, within the past 24 hours, supplied information which resulted in arrests and the seizure of a quantity of marijuana. This information goes beyond that provided in *Ward* and is sufficient to permit the issuing magistrate to find that the informant was reliable.

The defendants argue, however, that the affidavit is

defective because it does not describe with particularity the place to be searched. Since both the United States and the Colorado constitutions require that the *warrant* particularly describe the place to be searched, we assume that the defendants are arguing that the informer did not provide sufficient information to permit police officers to determine specifically where he had observed the marijuana. We disagree.

We do not believe that an informer must relate to police officers the specific address of the place in which he observed the unlawful activity. It is enough if, as here, the informant describes the location and provides the officers sufficient information so that they can accurately determine such address. It is apparent that the police officers, by personal observation and by the checking of official records, verified — through reliable methods — the specific address of the defendants' residence.

Ruling reversed.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE ERICKSON do not participate.