## No. 26678

## The People of the State of Colorado v. David Luther Montoya

(538 P.2d 1332)

Decided June 30, 1975.

J. E. Losavio, Jr., District Attorney, Cecil L. Turner, Assistant, for plaintiff-appellant.

Darol C. Biddle, James A. Carleo, for defendant-appellee.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

This is an interlocutory appeal from the trial court's order granting the defendant's motion to suppress tangible evidence. The defendant is charged with possession of a narcotic drug (heroin) and with theft (over $100). A warrant had been issued for the search during which the evidence was seized. The warrant was supported by an affidavit of a police officer whose information came from an anonymous informant.

The issues argued on appeal are whether there was probable cause for the issuance of the warrant; and, if not, whether there was probable cause for the arrest with the search and, if so, whether the search was incident thereto. The court ruled only that the warrant was not supported by probable cause. This we affirm. We remand for a ruling on the other questions.

I.

The affidavit supporting the issuance of the warrant in this case was sworn to by a police officer on February 11, 1974. It is long and filled with immaterialities. We paraphrase it as follows:

In June, 1973, the defendant was arrested and charged with possession of heroin. The defendant was personally known to the affiant. The defendant had been seen by the affiant entering and leaving the residence sought to be searched. Another police officer had also observed the defendant at the residence. At a different time, the defendant was seen with a named woman who was arrested at that residence for a charge not specified in the affidavit. The woman stated that the defendant was a friend of hers.

The affiant has been contacted several times by a confidential unnamed informant, who had been "furnishing the affiant with drug traffickers and drug information" in the area. In April, 1973, the informant

told the affiant that a named individual (not the defendant) who lived on Evans Avenue, was dealing in heroin. That same month, that individual was arrested and subsequently convicted. The informant correctly identified the residence of the individual. The informant told the officer-affiant that the defendant was associating with another individual who was using narcotics. The officer consulted the Pueblo Police Department, and determined that this last named individual had a reputation for being a user of narcotics.

The informant told the officer-affiant that still another indivual was "now out of confinement, and was driving an orange Corvette car, and was beginning to associate with persons reputed to be drug dealers." The affiant saw the individual one day later, and he was driving an orange Corvette. The affiant was told by another police officer that this individual was seen with a person reputed to be dealing in drugs.

In June, 1973 (eight months before the date of this affidavit), the informant contacted the officer-affiant and told him that the defendant was living at a certain address, that the defendant had shown the informant a powder substance in a clear baggie; and that the defendant stated that it was heroin which was for sale. A search then made when the defendant was not present revealed no powder substance, although narcotics paraphernalia were found. The informant subsequently told the officer that the defendant had taken the baggie with him when he left the premises.

On February 11, 1974, the affiant was contacted by the informant who told him that the defendant was living at the address sought to be searched, and that, while the informant was inside the house, the defendant had shown him some powder substance wrapped in foil and had told the informant that the powder was heroin, and that it was for sale. The informant said that the defendant then placed this foil packet in his pocket.

During all contacts with the informant, the affiant has found him to be accurate and reliable.

■ The two-pronged *Aguilar-Spinelli* test, as enunciated by the United States Supreme Court, requires first — that the affidavit set forth underlying circumstances so as to enable the magistrate to independently judge the validity of the informant's conclusion that criminal activity exists. The second prong requires — that the affiant-police officer support his request for a warrant with information showing that the informant was credible, or his information was reliable.[1]

■ The first prong goes to the logic of the proposition — What caused the informant to conclude that criminal activity was taking place? This prong can be satisfied in several ways, one of which is the assertion of personal knowledge: the informant saw the incriminating activity, and that fact is related to the magistrate.

---

[1] For a thorough treatment of *Aguilar-Spinelli*, see Moylan, *Hearsay and Probable Cause: An Aguilar and Spinelli Primer*, 25 *Mercer L. Rev.* 741 (1974).

■ The second prong goes to the trustworthiness of the informant — What caused the police officer to believe the information relayed by the informant? To satisfy this test, an assertion that the informant has previously furnished solid material information of specified criminal activity will suffice. An affidavit does not satisfy the second prong by merely stating that the informant is reliable, or that he has supplied information in the past which proved to be accurate. *People v. Brethauer*, 174 Colo. 29, 482 P.2d 369 (1971). Nor are irrelevant, albeit correct, details sufficient.

■ We hold that the first prong of the *Aguilar-Spinelli* test is met by the informant's assertion of personally viewing the powder; and by being told by the defendant that it was heroin and that it was for sale.

■ The fatal defect in the affidavit is its failure to satisfy the second prong of the *Aguilar-Spinelli* test. The affidavit fails to give sufficient information so that the independent judicial determination of the informant's credibility, or the information's reliability can be reached.

There is no allegation that any information supplied by the informant led to any arrests or convictions. Although the informant had told the police officer of a named individual who was dealing in heroin, the subsequent arrest apparently was not dependent upon that information.

As shown in the affidavit, the informant gave information previously concerning this defendant, which information proved to be wrong. This weakens the informant's credibility. The other information about defendant's innocent behavior, and concerning the defendant's association with a "known drug dealer" or user, is simply meaningless here for its intended purpose. *See Smaldone v. People*, 173 Colo. 385, 479 P.2d 973 (1971). Thus, the statements as to information previously furnished to the informant are not sufficient to satisfy the second prong.

We must look, therefore, to see if there is sufficient independent verification to meet the test. While some of the information was substantiated, there was no verification of the facts relating to alleged criminal activity of the defendant. Neither was the verification shown sufficient to lend credence to the unverified portion of the information. Further, there is no evidence that the informant had said that he had purchased or used narcotics, nor made any other statement against his own penal interests. *See United States v. Harris*, 403 U.S. 573, 91 S.Ct. 2075, 29 L. Ed.2d 723 (1971).

In accordance with standard appellate practice, we must affirm the trial court's ruling under the second prong. The affidavit being defective, the search warrant was invalid.

## II.

The People contend that, even if the search warrant was invalid, probable cause existed for the arrest. This position is predicated upon the fact that upon the arrival of the police at the residence, the defendant, knowing them to be police officers, put his hand to his mouth, ran into the house, and closed the door behind him.

The police officers, including the affiant in the affidavit, broke down the door, seized the defendant and forced him to spit a piece of plastic and tinfoil from his mouth. This material contained heroin. Also seized was a foil packet of white powder which was found by one of the officers near the front door of the searched premises. The officers found another foil wrapped package lying on a table in the living room, which when opened was found to contain two rings with identification and price tags still attached. The rings were seized.

The defendant's motion to suppress is based solely upon the invalidity of the search warrant, the failure of the officers to knock and announce their authority before entering the premises, and the fact that some of the property seized was not described in the search warrant. In the court's written order, it merely granted the motion to suppress without any findings. In its prior oral ruling, it made the following findings: That the affidavit supporting the search warrant satisfied the first prong of the *Aguilar* test; that the affidavit did not "satisfy or meet the requirements of the second prong of the AGUILAR test, in that the facts stated in the affidavit were insufficient to establish the reliability of the confidential informant." And that

"the two rings seized . . . be suppressed" as they "were not designated in the search warrant, were not contraband per se, were not connected with the criminal activity being investigated under the search warrant, and the People failed to show probable cause for their seizure."

■ We know that the officers suspected the defendant of the possession of drugs. We know that mere suspicion does not constitute probable cause for a warrantless arrest. *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed. 2d 441 (1963). It was stated in *Lucero v. People*, 165 Colo. 315, 438 P.2d 693 (1968):

"Suspicion and rumor alone would fall short of probable cause, but either heavy or almost exclusive reliance on hearsay does not destroy the validity of an arrest. Each case must be decided on its own facts and circumstances. It is not subject to some set formula as a guide to judge the reasonableness of the arrest in issue. The question to be answered is whether an officer in the particular circumstances, conditioned by his observations and information, and guided by the whole of his police experience, reasonably could have believed that a crime had been committed by the person to be arrested."

The trial court has not passed on the question posed in the last quoted sentence.

The trial court should make a ruling as to whether, in spite of the invalidity of the search warrant, there was probable cause for the arrest. If it finds such probable cause, then it should further determine whether the seizure or portions thereof were incident to that arrest. Testimony along these lines was introduced, but the court, in its discretion, may wish to have the introduction of further testimony.

We hasten to add that we are not unmindful that the trial court — and not the appellate court — is the judge of credibility based, among other things, upon the characteristics of witnesses, which often do not appear in the record.

The ruling of invalidity as to the search warrant is approved. The court shall conduct further proceedings as indicated and, if it suppresses evidence, which the district attorney certifies is a substantial part of the proof of the charges pending against the defendant, the People may return here with an interlocutory appeal.

MR. JUSTICE HODGES and MR. JUSTICE LEE do not participate.