**No. 26901**

**The People of the State of Colorado v. Glenda Kay Fike and Bryan E. Higgenbotham**

(539 P.2d 125)

Decided August 18, 1975.

Robert N. Miller, District Attorney, William G. Arries, Deputy, for plaintiff-appellant.

Keith A. McIntyre, for defendant-appellee, Bryan Higgenbotham.

Michael Enwall, for defendant-appellee, Glenda K. Fike.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

The district attorney brings this appeal from a ruling of the trial court which granted the defendants' motion to suppress evidence seized upon the execution of a search warrant. We reverse the trial court's ruling.

On the basis of a search warrant, certain narcotic drugs and paraphernalia were seized by sheriff's officers from defendants' residence, from a quonset hut near the residence, and from automobiles parked at the residence. The defendants were thereafter charged with violating section 12-22-322, C.R.S. 1973. (Possession for sale of narcotic drugs.)

Following a hearing on the suppression matter, the trial court ruled that the evidence seized in the course of the search must be suppressed because the affidavit in support of the search warrant did not adequately indicate where the informant observed narcotics, and thus, did not establish probable cause for the search of the defendants' residence.

The pertinent portions of the affidavit in support of the search warrant are:

"On February 12, 1975 at approximately 1420 hours your affiant received information from Darrill Hood, a Greeley Police Officer regarding narcotics information. Officer Hood advised your affiant he had been contacted by a previously reliable confidential informant who advised Hood he observed approximately one (100) hundred pounds of Marijuana and a quantity of Cocaine at a residence near Briggsdale one week ago. The reliable confidential informant advised that the subject who possessed the marijuana and cocaine was named Brian. The informant advised Hood that he had given all the information to Specialist Holman previously, but at that time he had not observed the suspected narcotics. The confidential informant advised Holman that the subject at Briggsdale was a Brian Higgenbotham and that he drove a white over blue Buick Riviera. Your affiant contacted Sgt. Richardson of the Weld County Sheriff's Office who advised that he knows a Brian Higgenbotham that lived near Briggsdale. The confidential informant advised Holman that a Glenda was living with Higgenbotham. Specialist Holman advised your affiant that reports of the Greeley Police Department indicated that Brian Higgenbotham is living with a female named Glenda. . . .

"Your affiant checked the records of the Weld County Motor Vehicle Department and found that Brian Higgenbotham, Post Office Box 697, Galeton, Colorado registered a 1969 Buick with the county for the year 1975. The confidential informant advised that Higgenbotham drives a white over blue Buick Riviera. Sgt. Richardson of the Weld County Sheriff's Office responded to the Higgenbotham residence which he knows from past experiences to be the residence of Brian Higgenbotham. The directions to the residence furnished to your affiant by Sgt. Richardson are as follows: from County Road 57 and Colorado Highway 14, proceed South of County Road 57 one (1) mile to County Road 88, proceed 1 and 1/3 mile east on County Road 88. The house is located on the South Side of the road. The house is a white stucco single family residence with a green roof with numerous out buildings. The house is the only residence in the immediate area."

Additionally, this affidavit set forth other details including information relating to the reliability of the informant and his information. No issue is raised as to any deficiency in the affidavit regarding the informant's reliability.

The defendants argue that the affidavit does not clearly state that the informant saw marijuana at the residence of the defendants, but merely stated that he saw marijuana at a "residence near Briggsdale." Apparently for this reason and because the affidavit does not expressly identify the residence near Briggsdale where the informant saw marijuana and cocaine, the trial court suppressed the evidence.

■ As we have repeatedly pointed out, the Fourth Amendment does not deny to law enforcement officers the support of the usual inferences

which reasonable men may draw from sworn statements and testimony. So long as the inference is drawn from the information set forth in the affidavit, the inference is permissible. *People v. McGill*, 187 Colo. 65, 528 P.2d 386 (1974); *United States v. Ventresca*, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); and *Johnson v. United States*, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1948).

■ Here, the trial court was overly technical in its appraisal of the affidavit, which states that the informant identified Brian Higgenbotham, the defendant, as the person who possessed the marijuana. The police, as shown in the affidavit, independently established that Higgenbotham resided near Briggsdale. The fact that the affidavit does not clearly state that the contraband was seen in the Higgenbotham residence is overridden by the fact that the reasonable and quite obvious inference to be drawn from a reading of the affidavit as a whole, is that the informant saw the narcotics at the residence of Higgenbotham.

■ As we indicated in *People v. Harris* 182 Colo. 75, 510 P.2d 1374 (1973):

"We do not believe that an informer must relate to police officers the specific address of the place in which he observed the unlawful activity. It is enough if, as here, the informant describes the location and provides the officers sufficient information so that they can accurately determine such address. It is apparent that the police officers, by personal observation and by the checking of official records, verified — through reliable methods — the specific address of the defendants' residence."

The rationale of *People v. Harris* is fully applicable in this case.

The defendants further urge that the evidence must be suppressed because the affidavit does not adequately describe the property to be searched. But rural property is often not easily described. The descriptions supplied in this warrant were adequate to enable the sheriff's officers to locate the property to be searched. As found by the trial court, no other residence fit the description in the warrant. This is sufficient. *People v. Peppers*, 172 Colo. 556, 475 P.2d 337 (1970).

■ The Court of Special Appeals of Maryland, when presented with the same argument in a fact situation strikingly similar to the facts here, held in *Harris v. State*, 302 A.2d 655 (Md. App. 1973) that:

"[D]escriptions of rural property may be sufficient without demonstrating the same degree of particularity which might be required in cases involving a search of property located in a city . . . The cardinal consideration is that the premises be described with such particularity or sufficiency, 'that the officer with a search warrant can, with reasonable effort ascertain and identify the place intended.' Steele v. United States No. 1, 267 U.S. 498, 503, 45 S.Ct. 414, 416, 69 L.Ed. 757 (1925)."

■ We note from the trial court's findings a suggestion that the scope of the search under the warrant which was issued was excessive. We do not agree. In addition to the residence, the search warrant here also authorized a search of the outbuildings, appendages and vehicles on the

premises. The fact that narcotics were observed in the residence is sufficient to infer under the warrant and affidavit here that narcotics may have been concealed about the premises of the residence. *People v. McGill, supra,* and *Harris v. State, supra. See also* 68 Am. Jur. *Searches and Seizures* § 78.

Ruling is reversed.

MR. JUSTICE GROVES and MR. JUSTICE ERICKSON do not participate.