MR. JUSTICE GROVES
delivered the opinion of the Court.
This is the second interlocutory appeal here in this case. On the first appeal of a suppression order, we affirmed the trial court’s order suppress *188 ing tangible evidence on the ground that the second prong of the AguilarSpinelli test had not been met, but remanded to the trial court for a finding on probable cause for arrest under which the search might be justified. People v. Montoya, 189 Colo. 106, 538 P.2d 1332 (1975). The suppression order which was entered after remand is now here for review.
The sole issue before us now is whether, absent a valid search warrant, there was probable cause for the warrantless arrest of the defendant. The trial court found that there was not sufficient probable cause, and we affirm.
The evidence presented at the original suppression hearing reveals that police officers armed with a search warrant (later held to be invalid as not supported by probable cause), drove to the address of the defendant. Upon arriving near to the address the police officers saw defendant on the street. They called to the defendant, identified themselves as police officers, and stated that they had a warrant. The defendant put his hand to his mouth and ran, then entered his house and slammed the door behind him. The officers broke into the house, subdued the defendant, forced him to spit out a packet containing heroin, and seized other contraband in the house.
The police officers’ information that drug activity existed was based upon information which this court subsequently held came from an informant whose reliability had not been established. The only other indications of probable cause came from observations that the police officers made just prior to the arrest, i.e., the defendant’s putting his hand to his mouth, and running into his house. The officers did not see any contraband until after they had subdued the defendant in his bedroom, and conducted a search of the defendant and the premises. One officer testified that upon arriving at the defendant’s address, observing his behavior, and relying upon information contained in the search warrant, his intent was to place the defendant under arrest at that time. The trial court found that the observations of the actions by the defendant did “not constitute sufficient probable cause to effect a lawful arrest.” The court also stated:
“[T]he evidence presented was not that the defendant placed something in his mouth but that ‘he put his hand to his mouth as though he was putting something in his mouth.’ The evidence further reveals that at the time the defendant was taken into custody the officer ‘tried to retrieve what I thought was probably something in his mouth.’
“The Court concludes that vague suspicions, conjectures and surmises do not rise to the dignity of probable cause.”
Furtive gestures without more cannot comprise probable cause. Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968). Under Sibron, Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963), People v. Valdez, 182 Colo. 80, 511 P.2d 472 (1973), Cowdin v. People, 176 Colo. 466, 491 P.2d 569 (1971), and *189 People v. Bueno, 173 Colo. 69, 475 P.2d 702 (1970), we cannot reverse the trial court.
Ruling affirmed.
MR. JUSTICE KELLEY dissents.