MR. JUSTICE GROVES
delivered the opinion of the Court.
A house alleged to be the residence of the defendant, Steve Richard Lucero, was searched pursuant to a search warrant granted by a county judge. Marijuana and various contraband drugs were seized. The defendant filed a motion to suppress the evidence. The district court granted the motion for the reason that the affidavit did not sufficiently establish the reliability of the informant. The People brought this interlocutory appeal, and we reverse.
The search warrant was issued on the basis of an affidavit executed by a police officer. This affidavit relied on information received from a confidential informant. Portions of the affidavit stated:
“In March of 1977, your Affiant received information from a confidential informant, in regards to a Steve Lucero who was living at .1621 Pecos Street, Pueblo, Colorado. The informant related to your Affiant, that Steve Lucero was living at 1621 Pecos Street, Pueblo, Colorado, and was selling quantities of marijuana, (Cannabis) from 1621 Pecos Street, Pueblo, Colorado. * * * *
“On 5-18-77, your Affiant was contacted by the above informant. The informant stated to your Affiant that the informant had been on the premises of 1621 Pecos Street, Pueblo, Colorado within 24 hours prior to the date of this warrant. While on the premises of 1621 Pecos Street, Pueblo, Colorado, the informant observed Steve Lucero with a quantity of suspected marijuana, (Cannabis). Steve Lucero told the informant, that he was in possession of marijuana, (Cannabis), and it was for sale, and showed the informant some of the marijuana, (Cannabis). The informant observed the suspected marijuana in the front room and bedroom of 1621 Pecos Street, Pueblo, Colorado. * * * *
“Your Affiant has known the above informant for approximately two months. During this time, your Affiant has received information from the informant in regards to drug violators, vehicles they use, and places where they associate. On 4-20-77, the informant supplied your Affiant with information that led to the arrest of James Kenneth Cabello, for Possession of not more than one ounce of Cannabis.”
*270 This case involves one facet of the oft-presented problem of the reliability of information received from confidential informants for purposes of affidavits justifying a search warrant, i.e., the second prong of the Aguilar-Spinelli test.[1]
Under several opinions of this court the allegations of this affidavit sufficiently establish the element of reliability. People v. Peppers, 172 Colo. 556, 475 P.2d 337 (1970), supports the finding that the affidavit in this case is sufficient to establish the element of reliability. Peppers held adequate an affidavit which stated that the informant had “given information in the past that has resulted in narcotics seizures and arrests.” The trial judge relied upon the opinion of People v. Montoya, 189 Colo. 106, 538 P.2d 1332 (1975). Montoya is distinguishable because there was “no allegation that any information supplied by the informant led to any arrests or convictions.” In the present case, on the contrary, the affidavit specifically asserts that informant supplied information leading to the arrest of James Kenneth Cabello for possession of cannabis. Also, in Montoya the affidavit disclosed that the informant had previously given correct information.
While it clearly would have been preferable for the affidavit to have specified what type of information was supplied, we rule the affidavit to be adequate. Similarly, it would have been preferable for the affiant to indicate whether an action was subsequently filed against Cabello and what its disposition was. We cannot say, however, that the affidavit is insufficient in the absence of such information. All in all, the affidavit is sufficient.
The order is reversed.
MR. CHIEF JUSTICE PRINGLE, MR. JUSTICE ERICKSON and MR. JUSTICE CARRIGAN dissent.

 The two-pronged test for adequacy of affidavits is found in the United States Supreme Court cases of Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) and Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). The first prong requires that the affidavit set forth sufficient underlying circumstances to enable the magistrate independently to determine whether there is probable cause to believe the contraband is in the place to be searched. The second prong requires that the affidavit set forth sufficient facts to allow the magistrate to determine independently that the informant is credible or his information reliable. One method of satisfying the latter requirement is to allege that this informant’s information has been proved valid in the past.