John L. KEELAN, Petitioner,

v.

CITY AND COUNTY OF DENVER and The Industrial Claim Appeals Office of the State of Colorado, Respondents.

No. 93CA0354.

Colorado Court of Appeals, Div. I.

Jan. 27, 1994.

Turner & Meiklejohn, P.C., Scott A. Meiklejohn, Denver, for petitioner.

Daniel E. Muse, City Atty., John R. Palermo, Asst. City Atty., Denver, for respondent City and County of Denver.

No appearance for respondent Indus. Claim Appeals Office.

and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

Opinion by Judge CRISWELL.

John L. Keelan (claimant) petitions for review of a final order of the Industrial Claim Appeals Panel determining that the City and County of Denver (the employer) is entitled to offset against claimant's workers' compensation benefits the payments he receives from a pension fund established for firefighters. We affirm.

During the course of his employment as a firefighter, claimant sustained a hearing loss. Upon retirement, he received a disability pension pursuant to the "firemen's pension fund," established by § 31–30–501, et seq., C.R.S. (1986 Repl.Vol. 12B).

Claimant filed a claim for workers' compensation benefits. He was found to be eligible for benefits, but those benefits were reduced by 81.24 per cent under § 8–42–103(1)(d), C.R.S. (1993 Cum.Supp.) because of his receipt of a firefighter pension. The amount of the reduction was based on the amount that was derived from the ad valorem tax levy required by the firemen's pension fund statute.

Because this offset exceeded the amount of any permanent disability benefits that were payable to him, the claim for permanent disability was denied as moot so long as claimant continued to receive the pension benefits. The Panel affirmed.

Claimant contends that the firemen's pension fund is not employer-financed and, therefore, that the employer is not entitled to the offset. We conclude, however, that pension payments received from the firemen's pension fund were properly offset against claimant's benefits for permanent partial disability.

Section 8–42–103(1)(d)(I), C.R.S. (1993 Cum.Supp.) requires that any amounts paid to an injured employee in the form of "periodic disability payments" provided under a disability plan "financed in whole or in part" by that employee's employer must be offset against any benefits payable for temporary or permanent disability under the Workers' Compensation Act. That statute also pro-

vides, however, that, if "the employee has contributed to the employer ... plan," workers' compensation benefits are to be reduced "only in an amount proportional to the employer's percentage of total contributions" to the plan.

In addition, § 8–42–103(1)(d)(III), C.R.S. (1993 Cum.Supp.) is specific in providing that this statute is to apply to a disability pension paid pursuant to the statute establishing the firemen's pension fund.

Sections 31–30–501, et seq., C.R.S. (1986 Repl.Vol. 12B) provide for the establishment of a "firemen's pension fund" in each municipality having a population of over 100,000 for the purpose of providing pension and disability benefits for that municipality's firefighters. It requires the establishment of a local board of trustees in each such municipality, which board has management of and control over the fund. Section 31–30–502, C.R.S. (1986 Repl.Vol. 12B).

There are several sources for the monies paid into this fund. First, the municipality is required to levy an annual ad valorem tax upon all of the taxable property within the municipality, the proceeds from which are paid into this local fund. Section 31–30–503, C.R.S. (1993 Cum.Supp.).

Second, monies withheld from members of the fire department as a form of discipline, fines levied upon such members, and gifts received as a result of extraordinary services performed by the department are all paid into this fund. Section 31–30–503.

Finally, each officer, member, and employee of the fire department is assessed an amount not to exceed 8¾% of his or her monthly salary, which is placed to the credit of the fund. Section 31–30–504, C.R.S. (1986 Repl.Vol. 12B).

Claimant argues that the amounts paid into the pension fund as a result of the levy of the ad valorem tax is not a "contribution" made by the municipal employer. Hence, he asserts that § 8–42–103 has no applicability to this fund because it is not "financed in whole or in part" by such an employer. We disagree.

When the General Assembly adopted § 8–42–103(1)(d)(III) providing that the offset statute was to apply to disability pensions paid under this pension fund statute, it was aware that the "contributions" made by the municipality to the firemen's pension fund consisted of revenues derived from an ad valorem tax. If that legislative body did not consider such benefits plans to be "financed in whole or in part" by the municipal employers that are required to establish such funds, then the provisions of § 8–42–103(1)(d)(III) are inexplicable.

Further, the "contributions" made by any public employer must, of necessity, be in the form of public funds. The *source* of such funds, whether from tax proceeds or from some other source over which the municipality is given control, is irrelevant. In any case, the contribution is of funds over which the public entity has control and power of management.

While the public entity holds such funds in trust for a specific purpose, it holds all such public funds in trust for some public purpose. *See McNichols v. City & County of Denver*, 131 Colo. 246, 280 P.2d 1096 (1955) (contribution by municipality to employee pension plan justified as part of employees' compensation; otherwise, it would be an invalid gift or gratuity prohibited by state constitution). This fact does not make a contribution to the firemen's pension fund in the form of revenues derived from an ad valorem tax any the less a contribution *by* the public employer for purposes of § 8–43–103(1)(d).

The order is affirmed.

ROTHENBERG and PIERCE *, JJ., concur.